MARCIA PHELPS *vs.* BURRILLVILLE RACING ASSOCIATION.

JUNE 27, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action in trespass on the case was brought by an invitee to recover for personal injuries resulting from the alleged negligence of the defendant proprietor of a horse-racing park. It is before us on the plaintiff's exception to the ruling of a justice of the superior court sustaining the defendant's demurrer to the declaration.

The declaration alleges in substance that the defendant was the owner and operator of Pascoag Park, in the town of Burrillville in this state, to which the public were invited, upon payment of certain admission fees, to attend running horse races; that on October 7, 1943 the plaintiff had paid her admission fee and was seated in the grandstand watching the races and in the exercise of due care; that the grandstand was under the control, custody and management of the defendant; that a certain fire extinguisher belonging to the defendant fell from its rack in the grandstand causing the plaintiff and other spectators in the immediate vicinity to move in an effort to escape being hit and injured thereby; and that in attempting to protect herself the plaintiff was knocked down and trampled upon by other patrons.

The defendant's duty and alleged negligence are expressly stated as follows: "And the plaintiff says that it was the duty of the defendant, its agents and servants, to see that the large cylindrical chemical fire extinguisher was securely fastened to the rack so that it would not fall and cause patrons in the grandstand to be injured. And the plaintiff says that the defendant, its agent and servants, notwithstanding its duty in this regard, carelessly and negligently placed said fire extinguisher upon said rack in such a way that it was not properly secured or fastened, and the plaintiff says that as a direct result and consequence of this failure on the part of the defendant, its agents and servants, the plaintiff was greatly damaged and injured . . . ."

The defendant's demurrer is based on nine grounds but essentially relies on the allegations: (1) that the declaration charges the defendant with the duty of an insurer; (2) that it states no sufficient cause of actionable negligence against defendant; and (3) that it fails to set forth with reasonable certainty the particular negligence relied upon, and is otherwise vague and indefinite.

In the superior court the justice in his decision sustained the demurrer substantially on the ground that the declaration stated no case for "liability under our rule of proximate

cause." He apparently relied largely, if not entirely, upon the case of *Palsgraf* v. *Long Island R. R. Co.,* 248 N. Y. 339. In our opinion the defendant's demurrer was properly sustained, but we are not prepared to say, as a matter of law and on the mere pleadings, that the instant case must necessarily be governed by the principle of the opinion in the cited New York case.

That case was before the court of appeals after a trial and verdict and apparently the sufficiency of the pleadings was not questioned. The majority opinion, as we read it, is to the effect that, as a matter of law, *there was not sufficient evidence* to show any actionable negligence on the part of the defendant. The minority, however, felt they could not say *as a matter of law* that the evidence was insufficient to make out a case for actionable negligence. In that case it was shown by evidence, as the opinion points out, that the defendant railroad did not know and could not reasonably be expected to know or to have foreseen that a wrapped bundle in the arms of a prospective passenger, who was running to board a moving train, contained explosives and therefore was a likely or potential peril to others who were rightfully within a reasonable orbit of danger, even if the bundle were negligently pushed out of the passenger's arms by the defendant's servants in their attempt to help him board the train.

In the instant case the fire extinguisher belonged to the defendant; it was part of its own physical plant and equipment; its nature and contents were known; and its fall, because of defendant's alleged negligence, was asserted to have *caused* a foreseeable commotion by patrons in their attempt to avoid injury from it. It seems to us that a case may be sufficiently stated within the precedents of good pleading and also within the principle of either the majority or minority opinion in the New York case. Whether the evidence eventually might be sufficient in law to support the allegations as to defendant's duty and negligence, if properly

pleaded, and to establish such negligence as the proximate cause of the alleged injuries, would raise different questions.

 We prefer to base our opinion on the well-established principles governing a declaration in trespass on the case for negligence. It is fundamental that such a declaration must allege: (1) a legal duty on the part of the defendant to be performed; (2) the negligent breach of that duty by the defendant; and (3) damage to the plaintiff proximately resulting from such negligence. The declaration here was in one count. Counsel for plaintiff asserts that he does not rely upon the doctrine of *res ipsa loquitur* but upon a particular act of negligence. The defendant's duty, as alleged in the quoted part of the declaration, is so broadly stated that, by itself, it seems to differ little, if any, from the duty which the law imposes upon an insurer. That the duty of a defendant in this type of case is not that of an insurer is too well settled to require citation.

But the plaintiff's counsel disclaims any intention of holding the defendant to the duty of an insurer and states in his brief that the declaration "alleges that it was the duty of the defendant to securely fasten the fire extinguisher, which was known by the defendant to contain a compressed gaseous substance which, when released, would emit a hissing, frightening sound, and that in a public gathering such as the defendant knew would gather upon its premises, such an occurrence could reasonably be expected to panic the crowd and cause them to stampede with possible injury to its members."

Elsewhere in his brief he argues "that it is reasonable to require the defendant to take reasonable precautions, well knowing the nature of the instrument and knowing reactions of crowds at a sporting event such as horse-racing, to so place and secure the fire extinguisher that it could be dislodged only by the wilful or intentional intervention of an independent or unforeseeable force."

If the plaintiff had included the substance of these statements in her declaration, the defendant's argument against

it on this ground would lose its force. Even if the general statement of defendant's duty is read with the following allegation concerning the breach thereof by the defendant, it seems to be still necessary to make important inferences in order to supply a sufficient statement of the duty and negligence, or at least to make the plaintiff's claim of particular negligence clear enough to avoid confusion of the basic issue.

■ It is also argued by the defendant that the declaration is general and that no case for actionable negligence is alleged against such a proprietor. It is true as stated that the declaration is very general and somewhat vague. It does not excuse the mere general allegation of the defendant's negligence on the ground that plaintiff lacked knowledge or the means of knowledge of the precise nature of the negligence, as was the case in *McCarthy* v. *McCarthy Freight System, Inc.*, 66 R. I. 175. And yet the declaration states some material facts and comes close to stating generally a cause of action. While the duty of defendant is not that of an insurer, the defendant is not to be exonerated completely, as a matter of law, from exercising reasonable care for the safety of its paying patrons in keeping with its invitation to them.

Here it is alleged that the fire extinguisher was a part of the defendant's physical plant and equipment and was under its management and control. If the declaration had further charged in substance, as it was argued, that the defendant had a duty to use reasonable care in keeping and maintaining the premises, including the equipment under its control, in a reasonably safe condition for the purposes of its invitation to paying patrons and to reasonably protect them from such foreseeable dangers and injuries as might be likely to result from the negligence of the defendant, so long as such patrons were in the exercise of due care and acting within the scope of their invitation, we think it would satisfy the law of pleading in this state in respect to the defendant's duty. See *Prue* v. *Goodrich Oil Co.*, 49

R. I. 120; *Desforge* v. *American-British Home Building Ass'n.*, 69 R. I. 366. In other words, in circumstances that are known or reasonably foreseeable by the defendant, it is not unreasonable to require that the fire extinguisher be reasonably placed, secured or protected and maintained by defendant in such a manner as to be readily accessible to one intentionally removing it for a proper purpose but not to be easily removable by inadvertent contact therewith by a patron whose action was within the scope of his invitation and was reasonably known or foreseeable by the defendant.

In our opinion the nature of the case is such that the allegations reasonably necessary to remove doubt as to the plaintiff's real claim should be supplied substantially by direct pleading rather than by leaving them to argument or inference. In that way the defendant would be reasonably notified of the plaintiff's real claim and the issues would be more sharply defined.

The exception of the plaintiff is overruled, and the case is remitted to the superior court for further proceedings.

*Morrissey & Conley, James H. Hagan, Jr.,* for plaintiff.

*Francis V. Reynolds,* for defendant.