## PATRICK CASSEDY *v.* TOWN OF STOCKBRIDGE.

In an action against a town, for an injury alleged to have been occasioned by the insufficiency of a highway, the question, whether the highway was sufficient, or insufficient, is one of fact, to be determined by the jury.

Towns are bound to keep the margins of their highways reasonably safe. And although the town will not be responsible, if a traveller voluntarily diverge from the travelled path, and injury result,—as in *Rice* v. *Montpelier*, 19 Vt. 470,—yet if he be forced into the ditch by accident, and injury ensue by reason of an obstruction lying there, the town will be liable.

In this case, which was an action against a town for an injury occasioned by the insufficiency of a highway, evidence was given tending to prove, that the plaintiff, at the time of the accident, was intoxicated; and the court instructed the jury, that if he were so intoxicated, as to be incapable of managing and conducting himself and his team with ordinary care and prudence, then he could not be said to be in the use of ordinary care; and if this want of ordinary care contributed in the slightest degree to produce the injury complained of, the plaintiff was not entitled to recover;—and it was held, that herein there was no error.

Cassedy *v.* Stockbridge.

TRESPASS ON THE CASE to recover for an injury, which the plaintiff alleged he had sustained by reason of the insufficiency of a highway, which it was the duty of the defendants to maintain. Plea, the general issue, and trial by jury,—November Term, 1847,— KELLOGG, J., presiding.

On trial the plaintiff gave evidence tending to prove, that in October, 1845, he was riding in Stockbridge, in a wagon drawn by one horse, upon the road in question; that the road was at that place narrow; that the wagon of the plaintiff struck against a sled crook, lying by the side of the highway, and he was thereby thrown out and injured; that the road was an important public thoroughfare; that the sled crook was eight or ten feet in length and about eleven inches through, and that the curve lay higher than the body, and within from eight to twelve inches of the wheel tracks, the end upon which the wheel struck being seven or eight inches higher than the road; that the sled crook had lain in the same position, in which it then was, since the preceding March; that on the west side of the road there was a shed, sixty feet in length, and adjoining it upon the north a blacksmith's shop twenty or twenty five feet in length, the front of the two being upon the same line; that the west side of the road was worked and level to the shed and shop, except that in front of the shop there was a slight ditch, four or five inches deep and ten or twelve feet long, but over any part of which a wagon might safely pass, were it not for the obstruction caused by the sled crook; that on the opposite side of the road there were mills; that on the east side of the road, opposite the shed and shop, and near to the margin, there were logs lying; that a log lay opposite to the sled crook, upon the other side of the road, very near to the wheel tracks; that the ordinary travelled path at this point was but ten feet wide, and from the end of the sled crook to the log opposite was not more than twelve or fourteen feet; and that, as the plaintiff was travelling north in the evening, and near the east side of the road, his horse swerved, and thereupon he gathered the reins tighter in his hand and struck the horse, when the horse sprung and the wagon wheel struck the sled crook. The plaintiff also gave evidence tending to prove, that the horse he was then driving was spirited, but well broke and perfectly kind and manageable.

The defendants introduced evidence tending to prove, that the

sled crook, on which the wagon of the plaintiff struck, was lying against the wall of the blacksmith's shop above mentioned, with the crook end curving from the shop towards the highway and into the gutter by the side of the highway; that from the wall of the shop to the extreme end of the crook towards the road was two feet,— this being in the gutter,—and that from the end of the crook to the edge of the travelled path, where the wearing of the wheels had prevented grass from growing, was two feet; that the width of the travelled path was ten or twelve feet; that from the opposite side of the travelled path it was about three feet and a half to the log that lay opposite the sled crook; that the whole space between the sled crook and the log opposite, being about sixteen feet, was smooth, very dry, and free from all obstructions, at the time of the accident; and that the travelled path, for several rods on both sides of the point where the accident occurred was smooth and free from all obstructions. It appeared from an examination of the track made by the plaintiff's wagon, that the plaintiff was driving upon the east side of the road just previous to the accident, and that the wagon turned, and, in going forward but twelve or fifteen feet, entirely crossed the road and struck the sled crook. The defendants also gave evidence tending to prove, that the plaintiff was, at the time, driving a spirited horse, and that he slackened the reins, or dropped them, for some purpose, and then, thinking his horse was approaching too near the east side of the road, drew the reins suddenly and hard, and struck the horse, and thereupon the horse sprung and the accident occurred. The defendants also gave evidence tending to prove, that the plaintiff, at the time of the accident, was in a state of intoxication.

The defendants requested the court to charge the jury ;—1. That if they should find, that the travelled path of the highway, where the accident occurred, was of sufficient width and in a sufficient state of repair, at the time of the accident, and that the accident happened from the plaintiff's driving, in the manner the defendant's evidence tended to prove, upon a log two feet outside of the travelled path, and in the ditch, the town was not liable;—2. That if they should find, that the travelled path was from fifteen to sixteen feet wide, as the evidence tended to prove, and was all smooth and dry and in a sufficient state of repair, so that the plaintiff could have

passed freely over it, if he had kept within it, and the injury happened by reason of the plaintiff's wagon striking against a log two feet outside of the travelled path, and in the ditch, in the manner the defendant's evidence tended to prove, the town was not liable;—

3. That if they should find, that the plaintiff was intoxicated, and that his intoxication contributed in any degree to the happening of the accident, the plaintiff was not entitled to recover.

The court charged the jury, that if the road, at the place where the injury happened, was, by the defendants, suffered to remain out of repair and insufficient for the ordinary safety of travellers and their teams, and this insufficiency, or want of repair, produced the injury to the plaintiff, and the plaintiff was not wanting in ordinary care and prudence in the management of himself and his horse, or in attempting to escape the injury, the plaintiff was entitled to a verdict.

The court farther instructed the jury, that towns are bound to make and repair their roads in such a manner as to be reasonably safe for the amount and kind of travel, that may reasonably be expected to pass upon them, and to enable travellers to be reasonably safe against those accidents, which may fairly be expected to often occur upon such roads; and that, if they so found the road, the plaintiff could not recover; and that, though the road were sufficient for ordinary travelling, with kind horses and good driving, yet if the road were, by reason of obstructions, insufficient and unsafe, with reference to those accidents, which might reasonably be expected to occur on such a road, and the accident under consideration were of that character, then this part of the case was made out, if this insufficiency and want of repair had been suffered to continue for an unreasonable time.

The court farther instructed the jury, that if they should find, from the evidence, that the injury complained of was the result of such an accident, as might be reasonably expected to happen, and that it happened in consequence of the obstructions in the road, and that the injury would not have happened, if the obstructions had been removed and the road made sufficient, then this part of the case was made out; and that if they found, that the plaintiff was in the exercise of ordinary care, prudence and skill,—all that ordinary care, prudence and skill, which could reasonably be expected under

the circumstances,—to escape the consequences of the accident, then this part of the case was made out;—but that if they should find, that the plaintiff was wanting in ordinary care and prudence, and that the injury was the result of the want of such ordinary care and prudence, or if this want of ordinary care had contributed in any, the slightest, degree, to produce the injury complained of, the plaintiff was not entitled to recover.

The court farther instructed the jury, that if the plaintiff, at the time of the accident, was so intoxicated, as to be incapable of managing and conducting himself and his team with ordinary care and prudence, then the plaintiff could not be said to be in the use of ordinary care; and if this want of ordinary care produced, or contributed in the slightest degree to produce, the injury complained of, the plaintiff was not entitled to recover. The court farther instructed the jury, that, if they found for the plaintiff, they should be confined, in their verdict, to the actual damage, which the plaintiff had sustained.

Verdict for plaintiff. Exceptions by defendants.

*Washburn & Marsh* for defendants.

Towns are only responsible for the exercise of ordinary care in keeping their roads in repair and free from obstructions. *Lobdell* v. *New Bedford*, 1 Mass. 152. *Townsend* v. *Susquehanna Turnp. Road*, 6 Johns. 90. The term *ordinary care*, in this application, has not an *absolute*, but a *relative*, meaning. The leaving a stone, or stick of wood, in the travelled path might be want of ordinary care, when no reasonable man would imagine, that there was the slightest negligence in leaving the same stone, or stick, upon the margin of the road and in or outside of the ditch. *Rice* v. *Montpelier*, 19 Vt. 475. *Howard* v. *N. Bridgewater*, 16 Pick. 190. The obligation resting upon towns in reference to that portion of the highway, which lies outside of the travelled path, is entirely different from that in reference to the path ordinarily travelled and left open for that purpose, and is much less in its degree. *Farnum* v. *Concord*, 2 N. H. 392. *Howard* v. *N. Bridgewater*, 16 Pick. 189. *Rice* v. *Montpelier*, 19 Vt. 475. The county court erred, in entirely withholding from the jury this distinction, although specially requested to direct their attention to it. The charge was undoubtedly

correct, as applicable to the travelled path; but the only obstruction lay in or outside of the ditch. Yet the court referred to no distinction in degree of liability, but applied precisely the same rule of law to that part of the highway, where the sled crook lay, that they did to every part between that part and the opposite side of the road.

The charge of the court appears to have been copied from that given in *Kelsey* v. *Glover*, 15 Vt. 708. But the two cases are entirely dissimilar. In that case the injury happened, while the plaintiff was in the travelled path; in the case at bar it occurred outside of the ditch. In that case the attention of the jury was specially directed to the tree tops laying on the margin of the road, with reference to their effect in rendering the travelled path insufficient, as being too narrow for safety; in the case at bar no such distinction was made, but the same general rule of law was applied to each portion of the entire highway.

The defendants were entitled to the charge requested, in reference to the alleged intoxication of the plaintiff. The attention of the jury should have been directed with precision to the point, whether the intoxication contributed in any degree to the happening of the accident.

*Tracy & Converse* for plaintiff.

The charge, so far as the defendants can object to it, is fully sustained by adjudged cases; and especially by the cases of *Kelsey* v. *Glover*, 15 Vt. 708, and *Allen* v. *Hancock*, 16 Vt. 230.

The opinion of the court was delivered by

KELLOGG, J. The questions presented for consideration in this case arise upon the charge of the court and the refusal of the court to charge as requested by the counsel for the defendant.

The first and second requests evidently amount to a call upon the court to decide, as matter of law, upon the state of facts therein supposed, the sufficiency or insufficiency of the road; and we are clearly of opinion, that the defendant was not entitled to such a charge. Whether the road was sufficient, or insufficient, was a question of *fact*, to be determined by the jury. It has been uniformly so held in this state. And this fact they are to determine upon consideration of all the testimony in the case bearing upon the

Cassedy v. Stockbridge.

question. .It was so submitted to the jury, accompanied by such instructions as the case seemed to require; and we think they were full and ample, and all that could be reasonably expected, or that the law required.

But it seems to be supposed by the counsel for the defendants, that the case of *Rice* v. *Montpelier* is a direct authority upon this point and must control the case at bar. We do not so regard it, but consider that case clearly distinguishable from the present. In *Rice* v. *Montpelier* the statement of facts warrants the inference, that the plaintiff voluntarily diverged from the travelled road, without necessity, and merely for the purpose of having the benefit of snow, there being none in the travelled part of the road, which was some thirty feet wide, and there being a sleigh path on the side of the road, in the ditch, where the accident happened. Whatever remarks may have fallen from the judge, who delivered the opinion of the court in that case, we think it quite evident, from the concluding paragraph of the opinion, that the case was opened solely upon the ground, that the evidence tended to show, that the plaintiff's departure from the travelled path was voluntary and without necessity, and that the attention of the jury ought to have been called to that view of the case. The court have never considered that case as establishing the doctrine contended for by the counsel in the present case. Indeed, within three weeks after the decision of *Rice* v. *Montpelier*, this court, in the case of *Sessions* v. *Newport*,* held a charge, similar to the one requested in this case, to be erroneous, and reversed the judgment of the court below. In the case under consideration we find no facts to warrant the inference, " that the plaintiff departed from the travelled path without necessity, or that the horse took that direction from a natural instinct, or an inability to see the road, on account of the extreme darkness." Indeed, there is no pretence, that such was the fact. It is, therefore, unlike the case of *Rice* v. *Montpelier*.

That the defendants were entitled to a proper charge upon the subject matter of their third request is admitted; but that they were entitled to a charge in the very language of that request, we think, will not seriously be contended. There are different degrees of in-

* Not reported.

toxication; and people may differ widely in their views of what constitutes intoxication.   Different individuals may be very differently affected by the use of the same quantity of intoxicating drink. Hence it became proper for the court to explain to the jury what degree, or amount, of intoxication was necessary to deprive the plaintiff of his remedy against the town.   We think the charge of the county court upon this point was unexceptionable and was all that the defendants could claim.

The result is, that we find no error in the charge of the county court, or in the refusal to charge as requested ; and consequently the judgment of that court is affirmed.