GEORGE W. YEAW vs. EDWARD B. WILLIAMS, Town Treasurer of the Town of Coventry.

Where there was a slight curve in a highway stood three posts, the curve making the middle post stand out somewhat beyond the line of the other two posts. The horse of a traveller driving along the highway was frightened by a team behind; the traveller was injured by a collision with the middle post, and sued the town for damages, charging that the highway was left in a dangerous state by the town authorities.

*Held*, that whether the town was negligent in allowing the post to stand was a question for the jury.

*Held*, further, that though there might have been ample room in the roadway, yet, if the post was so placed with reference to the general course of travel as to be dangerous, the town was liable.

*Held*, further, that the jury should decide as to concurring causes of accident, under proper instructions from the court, which were presumably given.

The surveyor of highways was called as a witness for the defence, and stated that he thought the position of the post did not make it dangerous. In cross-examination he was asked if he did not, after the accident, remove the post.

*Held*, that the question was admissible in cross-examination to show that his conduct was inconsistent with his expressed opinion.

Another highway surveyor was called for the defence, and asked whether, in his opinion as an expert, the highway was safe, convenient, and in good repair.

*Held*, that his evidence was rightly excluded; the question of the highway defect being one of plain fact for the jury, not one of expert skill.

DEFENDANT'S petition for a new trial.

The plaintiff in this action, while driving along a highway, was injured by his wagon striking a post. He brought suit against the town in which the highway was situated, charging that the highway was dangerous, owing to the negligence of the town authorities, and obtained a verdict.

The defendant then petitioned for a new trial, on the grounds that the verdict was unsupported by the evidence, and that the presiding justice erred in his rulings at the trial.

*May* 15, 1885. DURFEE, C. J. *First.* We think the question, whether the town was chargeable with culpable neglect in leaving the post where it was before the plaintiff was injured by it, was a question of fact for the jury. Doubtless a hitching-post might be located near the travelled part of a road, and just out of it, in a position where it would be so unexposed or so protected that the town would evidently not be at fault for leaving it there, and that the court might properly so instruct the jury. The case

at bar was not such a case.　In the case at bar the plaintiff's testimony tended to show that the post complained of was the middle one of three, and stood eighteen inches further out into the road than the other two; that the road was level from fence to fence except a shallow gutter, and was travelled throughout its width except where the posts were; that the plaintiff was driving in the dark at night, keeping well to the right, *i. e.* the side of the posts, for fear of running into something; that a team coming up behind started his horse quickly, and that while he was engaged in reining in his horse he collided with the post.　The plaintiff testified that he had long been familiar with the posts, and had had to look out for them even in the daytime.　On the other side, testimony was submitted to show that the posts stood on a portion of the highway intended for and used as a sidewalk, at the edge of which there was a gutter four or five inches deep; that the road curved a little at the posts, which made the middle post appear to be further out than the other two; and that the wrought or travelled part of the road was about twenty-seven feet wide at the posts.　In view of this testimony, and especially in view of the testimony that the middle post was eighteen inches further out than the other two, or on a curve where it would be more exposed, we are not prepared to say that the verdict was against the evidence.　It is not enough that there was ample room for travel within the post if the post was so situated with reference to the general course of travel as to be dangerous and require unusual precaution.　*Snow* v. *The Inhabitants of Adams*, 1 Cush. 443; *Chamberlain* v. *Enfield*, 43 N. H. 356; *Cassedy* v. *Stockbridge*, 21 Vt. 391; *Willey* v. *Portsmouth*, 35 N. H. 304.　Indeed, a post may be a dangerous defect even when it is entirely out of the limits of the highway.　*Coggswell* v. *The Inhabitants of Lexington*, 4 Cush. 307; *Warner* v. *Holyoke*, 112 Mass. 362; *Hayden* v. *The Inhabitants of Attleborough*, 7 Gray, 338.　In *Macomber* v. *City of Taunton*, 100 Mass. 255, cited for the town, it did not appear that the post which caused the accident protruded beyond the others, or that there was any bend in the road; and the court, moreover, which sustained the nonsuit, seems to have been a good deal influenced by a Massachusetts statute, which expressly provided that in the towns the owners of

adjoining land, and in the cities the municipal authorities, might construct sidewalks, indicating their width by trees, *posts*, or curbstones, set at reasonable distances apart, or by a railing erected thereto."

*Second.* The defendant contends that the post was only a concurring cause of the accident, the primary cause being the running of the plaintiff's horse, and that therefore the plaintiff ought not to have recovered a verdict. The question of concurring causes was a question for the jury, under proper instructions from the court, which we must presume were given. We therefore cannot set the verdict aside unless it is palpably against the evidence. We do not think it is so. It does not appear that the person who came up behind the plaintiff was in any fault, or that the plaintiff was at fault in his driving; and the mere fact that the plaintiff's horse broke into a quick trot, or even into a run, would not necessarily defeat the plaintiff's right to recover, if the horse did not escape his control, or started from it only for the moment. *Stone* v. *The Inhabitants of Hubbardston*, 100 Mass. 49; *Babson & Hartwell* v. *The Inhabitants of Rockport*, 101 Mass. 93.

*Third.* The surveyor of the highway was called as a witness by the town, and testified in behalf of the town that in his opinion the situation of the post was not such as to make the highway unsafe or out of repair. In cross-examination he was asked if he did not order the post removed. The question was objected to, allowed, and exception taken. The witness answered that he did. The object apparently was to discredit the witness by showing that his conduct was inconsistent with his testimony; for, as the matter would be put to the jury, if that witness honestly thought the post was no defect, why should he remove it? In this view we do not think the admission of the testimony affords ground for a new trial; though, if the testimony had been offered by the plaintiff as testimony in chief for the purpose of proving that the post was a dangerous defect, we think it should have properly been excluded. *Cramer* v. *City of Burlington*, 45 Iowa, 627.

*Fourth.* Another highway surveyor was called by the town to testify as an expert that in his opinion the highway was safe, convenient, and in good repair at the place of the accident when the

accident occurred.   The testimony was objected to and rejected.
We think it was rightly rejected.   The question regarding the
alleged defect was not a question of science or expert skill.   It
was a plain question of fact for the jury to decide, under instruc-
tions from the court, in view of the particular circumstances of
the case.                                        *Petition dismissed.*

*Page & Owen,* for plaintiff.

*Dexter B. Potter,* for defendant.