## MARY A. THOMAS *vs.* INHABITANTS OF WINTHROP.

Suffolk.    November 4, 1915. — January 24, 1916.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & CARROLL, JJ.

*Way,* Public: defect, notice. *Evidence,* Explanatory. *Witness,* Cross-examination. *Practice, Civil,* Exceptions, Conduct of trial.

The iron cover of a water shut-off box projecting one and one quarter inches above the surrounding surface of a sidewalk of hard gravel in a public highway of a town can be found to be a defect in the highway.

In an action against a town under R. L. c. 51, § 18, for personal injuries sustained by reason of an alleged defect in a sidewalk of a highway of the town consisting of an iron cover of a water shut-off box that projected above the surface of the sidewalk, if there is evidence that employees of the defendant's water department, including the superintendent, passed over the place two or three times a week, and a former employee of the defendant testifies that between twelve and seventeen days before the accident he found the box four inches below the surface of the sidewalk and turned the top round until it was level with the walk, and that a few days afterwards he saw that the earth around the box was worn away and that a depression was left where the earth had been tramped down, it is a question for the jury whether the defendant might have known of the defect by the exercise of proper care and diligence and could have remedied it by reasonable care.

In the cross-examination of a witness he properly may be permitted to answer a question which is not material to the main issue on trial if the answer is necessary in explanation of a statement that he already has made.

An exception to the admission of immaterial evidence will not be sustained where the excepting party was not harmed by the evidence admitted and where under St. 1913, c. 716, § 1, the error complained of has not injuriously affected the substantial rights of the parties.

Within the discretion of a presiding judge evidence may be admitted on the cross-examination of a witness, whose direct testimony was important, for the purpose of testing the credibility of the witness, although the matter inquired about otherwise would be immaterial.

TORT under R. L. c. 51, § 18, against the town of Winthrop for personal injuries sustained on September 27, 1913, by reason of an alleged defect in the sidewalk of Shirley Street, a public highway which it was the duty of the defendant to keep in repair, consisting of a pipe or shut-off box alleged to have been permitted through the negligence of the defendant to project above the level of the sidewalk.  Writ dated March 5, 1914.

In the Superior Court the case was tried before *Fox,* J. At the close of the evidence, which is described in the opinion, the defendant asked the judge to make, among others, the following rulings:

"1. Upon all the evidence in this case, the plaintiff is not entitled to recover."

"5. There is no sufficient evidence in this case to warrant the jury in finding, that, at the time of the injury complained of, there was a condition amounting to a defect in the sidewalk in question, for which the defendant can be held liable, and the defendant is entitled to a verdict."

· "7. There is no sufficient evidence to warrant a finding that the water shut-off in question unreasonably obstructed the sidewalk in question."

"11. There is no sufficient evidence in this case to warrant the jury in finding that the defendant town had, or by the exercise of proper care and diligence might have had, reasonable notice of the defect relied on, and, therefore, a verdict must be returned for the defendant."

The judge refused to make any of these rulings, and submitted the case to the jury, who returned a verdict for the plaintiff in the sum of $750. The defendant alleged exceptions, including those to the admission of evidence which are stated in the opinion.

The case was submitted on briefs.

*H. W. Orcutt,* for the defendant.

*J. A. McCaig,* for the plaintiff.

CARROLL, J. The plaintiff was injured September 27, 1913, by tripping on an iron cover, known as a water shut-off box, in the sidewalk of Shirley Street in the defendant's town.

1. The jury could find the way was defective. The sidewalk was of hard gravel, the top of the shut-off box projected in the form of a lip about one sixteenth of an inch, in a half round shape, and was from one and one quarter to two inches above the level of the sidewalk. As the plaintiff was walking on this sidewalk about ten o'clock at night, her foot caught between the top of the box and the surface of the gravel, she was thrown forward and injured. In *Redford* v. *Woburn,* 176 Mass. 520, the plaintiff tripped on a shut-off box projecting one and one quarter inches above the surrounding gravel. Whether such a condition was an

obstruction to travel, rendering the sidewalk defective, was held to be for the jury. See also *O'Brien* v. *Woburn,* 184 Mass. 598.

Employees of the water department, including the superintendent, passed over this place two or three times a week, and one witness, a former employee of the defendant, testified, that between September 10 and September 15, he found this box four inches below the surface of the sidewalk and turned the top round until it was level with the walk. A few days after this he saw the earth around the box was worn away and a depression left where the earth had been tramped down. It was for the jury to pass upon this evidence, and they could, therefore, find that the superintendent of the water department must have seen the defect, or easily might have done so. This was sufficient evidence to show that the defendant might have known of the defect by the exercise of proper care and diligence, and could have remedied it by the exercise of reasonable care.

2. The superintendent of the defendant's water department was asked on cross-examination, "You said the street was sort of rough; by that you mean the street around the box was in bad condition?" To which the witness replied, "The sidewalk was rather rough, but not around the box." The defendant duly excepted and the presiding judge said, "Nothing is shown here except the tripping over the box, and unless the questions relate to that point of course they are immaterial." The defendant later requested to have the testimony stricken out.

We assume from the question, that the witness previously stated the sidewalk was rough. If this assumption is right, the witness could be questioned concerning the condition of the walk surrounding the box, in explanation of his former testimony. We do not think the defendant was harmed by the answer of the witness, especially when the jury were instructed, that the evidence was immaterial except only so far as it related to this particular point where the plaintiff fell, and we do not see any reversible error in the ruling of the judge on this point. St. 1913, c. 716, § 1.

3. This same witness was asked, "Have you known of any of these water boxes being depressed below the surface?" and, subject to the exception of the defendant answered, "I have known of them. Yes, sir." The plaintiff contended that she was

injured because the water box was too high above the surface of the sidewalk, and not because it was depressed, the condition of other boxes, whether elevated or depressed, being entirely immaterial.  The judge might well have excluded the evidence. But its admission cannot quite be said to be harmful error under all the circumstances.  One Hack, a former employee of the defendant, had testified that in the presence of the defendant's foreman he did some work on the box, that he found the cover depressed and raised it four inches, to the level of the sidewalk.  The superintendent was in the habit of passing over this sidewalk three or four times a week, and he stated he never had seen the box projecting above the sidewalk and had never seen a depression at or about the box, "that the box was at all times on the same level with the rest of the sidewalk."

In view of the testimony of Hack, which the jury might believe, we think the evidence admissible within the discretion of the presiding judge.  The witness was the superintendent of the water department, he passed over this place three or four times a week and always found the box level with the sidewalk.  In testing his credibility the judge could permit the evidence, and his knowledge of conditions was of importance in deciding the question of the defendant's notice of the defect.  *Noyes* v. *Gardner,* 147 Mass. 505.  *Hinckley* v. *Somerset,* 145 Mass. 326.

The other exceptions are not argued on the defendant's brief and we consider them waived.

*Exceptions overruled.*