HENRI FONTAINE, p. a. *vs.* ARTHUR J. FOLLETT, C. T.

EDOUARD FONTAINE *vs.* SAME.

JUNE 16, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. These are actions of trespass on the case for negligence brought against the defendant as city treasurer of the city of Woonsocket. The plaintiff Henri Fontaine, a minor, who sues by his father, Edouard Fontaine, as next friend, seeks to recover damages for injuries alleged to have been sustained when a bicycle on which said plaintiff Henri was riding struck a depression on Gaulin avenue in said city of Woonsocket throwing him to the street. The plaintiff Edouard Fontaine sues for consequential damages arising to him by reason of the loss of services of his son and expenses occasioned by the injury to said son. The cases were tried together by a justice of the Superior Court, sitting with a jury, and resulted in a verdict for the plaintiff Henri in the sum of $1,000 and for the plaintiff Edouard in the sum of $400. The defendant duly filed in each case a motion for a new trial which was denied.

No objection was raised at the hearing in this court or before the trial justice as to the amount of damages awarded by the jury in either case.

The cases are before us on bills of exceptions; the defendant relying on his exceptions to the refusal of the court below to grant defendant's motions for directed verdicts; to the refusal of said court to grant defendant's motions for new trials and to the refusal of the court to allow defendant in cross-examination of one Seagrave, an engineer, produced as a witness for the plaintiffs to ask whether in his opinion Gaulin avenue was safe and convenient for travelers with teams, carts and carriages.

The plaintiff Henri while riding a bicycle along Gaulin avenue in the city of Woonsocket, April 6, 1929, at 9:30 o'clock, p. m., ran into a depression around a water valve box and was thrown to the ground and injured. This depression was caused by an employee of the Water Department of the city of Woonsocket detailed to raise the water valve box at this particular point, breaking the macadam immediately surrounding the said box, raising said box and leaving a considerable space between the broken macadam and the

side of the valve box. This depression at its lowest point was about two and one-half inches below the surface of the macadam and, as may be observed from the photographs introduced in evidence, one side of the valve box stood up sharply from the depression. It appeared that the plaintiff turned a corner just previous to reaching the valve box; that he had never seen the valve box before that night; that it was dark and the electric light at the corner did not show the valve box protruding above the ground; that his arm was fractured and he was unable to work for nine months. It also appeared that the valve box was somewhat over a foot in diameter, was made of cast iron and was not quite in the center of the road; that the depression surrounding the valve box was practically five and one half inches wide at all points outside of the valve box rim, making a circular hole about twenty-three inches in diameter with the valve box standing in the center of the same.

The accident occurred after the valve box had been raised, and previous to the time that the surface of the street around the valve box was repaired. It also appeared in the evidence that one Daignault, three weeks before the accident in question, struck the box while coasting in a small, hand-drawn wagon with the result that the wagon was overturned and witness thrown out onto the road.

In his first ground of exception to the refusal of the trial court to direct verdicts defendant contends that plaintiff Henri was guilty of contributory negligence and that Gaulin avenue was not in such an unsafe condition as to render the city of Woonsocket liable. Contributory negligence is under the circumstances of this case a question for the jury.

In the use of the streets one is not required to keep his eyes constantly on the sidewalk or road over which he is travelling. In case of vehicular travel time must necessarily be given to observing traffic conditions especially at night.

The burden placed upon a plaintiff in cases of this nature is to establish to the satisfaction of the jury that he used the care and prudence which an ordinary prudent man would

use under the circumstances. *Gilbane* v. *Lent,* 41 R. I. 462; *Redford* v. *City of Woburn,* 176 Mass. 520.

The question as to whether Gaulin avenue at the place of the accident "was safe and convenient for travelers with their teams, carts and carriages" was for the jury to decide upon proper instructions from the court. *Fox* v. *Clarke,* 25 R. I. 515; *Smith* v. *Howard,* 42 R. I. 126; *Thomas* v. *Winthrop,* 222 Mass. 456; *Redford* v. *City of Woburn, supra; O'Brien* v. *City of Woburn,* 184 Mass. 598.

The case of *Patalano* v. *Cray,* 49 R. I. 15, which is relied upon by defendant in support of his motion for the direction of verdicts involved a different set of facts. In that case the accident happened in the daytime while the injured party was travelling at high speed in an urban district and where the cause of the accident was an unbroken cup-shaped depression in the macadam readily visible under the circumstances.

The defective condition of the street being due to the direct act of the city of Woonsocket, no notice of the condition by the municipality need be shown. *Seamons* v. *Fitts,* 21 R. I. 236; 43 C. J. 1043.

For the reasons above stated the motions of defendant for directed verdicts were properly denied and the exceptions thereto are overruled.

The trial justice in denying the defendant's motions for new trials has found that the verdicts are established by a preponderance of the evidence and are not against the evidence or the weight thereof. We find no error in this ruling and the exceptions thereto are overruled.

As to the exception arising from the refusal of the trial court to allow the question asked of Arnold Seagrave in cross-examination as to whether in his opinion Gaulin avenue was safe and convenient for travelers with teams, carts and carriages, the question was properly excluded as calling for a conclusion of fact within the province of the jury and regarding which his conclusion was of no greater value than that of any other person. "Whenever the circumstances can be fully and

adequately described to the jury and are such that their bearing on the issue can be estimated by all men without special knowledge or training, opinions of witnesses, expert or other, are not admissible." *Graham* v. *Penna Co.*, 139 Pa. 149, 159; *Ennis* v. *Little et al.*, 25 R. I. 342; *Seamons* v. *Fitts, supra; Ake* v. *Pittsburgh*, 238 Pa. St. 371; *Griffith* v. *Pullman Co.*, 142 Md. 514; *Lawrence* v. *Hyde*, 77 W. Va. 639.

In each case the defendant's exceptions are overruled and the cases are remitted to the Superior Court with directions to enter judgments on the verdicts.

*John R. Higgins*, for plaintiffs.
*Ovila Lambert, City Solicitor*, for defendant.