143 A.2d 282 (1958)
Matthew W. GLENNON
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY.
Ex. No. 9862.
Supreme Court of Rhode Island.
June 18, 1958.
*283 Joseph A. Kelly, James P. Quirk, Providence, for plaintiff.
Boss, Conlan, Keenan, Bulman & Rice, James C. Bulman, Procidence, for defendant.
ROBERTS, Justice
This action of trespass on the case for negligence was brought to recover damages for injuries sustained by the plaintiff when he fell over a low wall as he left the defendant's store. The case was tried to a jury in the superior court and at the conclusion thereof they returned a verdict for the plaintiff in the amount of $11,000. Later, on the defendant's motion for a new trial, this was reduced to $9,000. The plaintiff duly filed a remittitur. The case is before us on the defendant's exceptions to certain evidentiary rulings of the trial justice, and to the denial of the defendant's motions for a directed verdict and for an unconditional new trial.
There is no substantial dispute concerning the material facts in the case. It appears that on December 31, 1955 plaintiff was in defendant's store for the purpose of purchasing groceries. Upon completion of his shopping plaintiff, carrying two bags of groceries, went out through the main entrance located at the front of the store in order to go to his automobile.
It further appears that in front of the store there is a sidewalk which, paralleling the front of the building, leads to a parking area. The defendant had planted certain shrubs along the front of its building and had built a low cement wall or curb between the sidewalk mentioned above and the soft area in which the shrubs were planted. This wall was about 3 3/4 inches high and 4 inches wide and paralleled the front wall of the store at a distance of 29 inches. At the *284 front entrance this wall turned at right angles and extended into the wall of the store.
Upon leaving the store the plaintiff went through the entrance, which is in the style of a patio, took six or eight steps across and out of the patio, and turned left to proceed along the sidewalk to his parked automobile. When he had taken but a few steps in that direction his left foot came into contact with the wall above described and he fell to the ground. It is not disputed that he was unfamiliar with defendant's premises.
The defendant took exception to the denial by the trial justice of its motion for a directed verdict. One of the grounds for this motion was that there was no evidence in the record from which the jury could find negligence on the part of defendant. We are unable to agree with this contention. At the time the motion for a direction was made there was testimony in the record by an architect, who appeared in behalf of plaintiff, that the location of the wall created a hazardous condition at the entrance to the store. Under our well-established rule that on a motion for a direction every inference favorable to the plaintiff must be drawn from evidence in the record, we are of the opinion that the trial justice did not err in denying the motion. The question of plaintiff's contributory negligence was clearly for the jury. This exception is overruled.
However, defendant took exceptions, which it presses here, to the rulings of the trial justice in admitting into evidence the testimony of the architect. The portion of the testimony to which objection was made related to his opinion that the location of the wall and defendant's failure to establish certain safeguards about the wall created a hazardous condition at the store exit. He testified as follows: "In my opinion, a wall of that type in this location is very definitely a hazard to the public use of this sidewalk. The wall is in a location where the ordinary person would expect no such wall, or hazard, that's all." He further testified over objection: "The wall could be made safer by either putting a rail of decent height * * * or by cutting it back at a sharp angle * * *."
It is our opinion that it was error to admit such testimony into evidence over objection. This court has long recognized the proposition that where circumstances can be fully and adequately described to a jury "`and are such that their bearing on the issue can be estimated by all men without special knowledge or training, opinions of witnesses, expert or other, are not admissible.'" Fontaine v. Follett, 51 R.I. 413, 417, 155 A. 363, 364. We have held that the opinion of an engineer as to whether a highway was safe for travel was properly excluded from evidence as calling for a conclusion of fact within the province of the jury and regarding which the engineer's conclusion was of no greater value than that of any other person. Fontaine v. Follett, supra; Yeaw v. Williams, 15 R.I. 20, 23 A. 33.
It remains for us to consider whether there is merit in plaintiff's contention that defendant, by the introduction of opinion evidence from its own expert for the purpose of contradicting the testimony of plaintiff's expert, waived its exceptions. It is not disputed that defendant introduced the testimony of an engineer, which in effect contradicted the testimony of plaintiff's expert.
The defendant argues that in producing opinion evidence concerning the character of the wall it was not acting in a manner inconsistent with its exceptions and that therefore it should not be held that it thereby waived such exceptions. There is substantial authority supporting the proposition that where incompetent evidence has been admitted over objection and an exception is taken to such ruling, the objecting party may adduce evidence of its own for the purpose of contradicting or combating the evidence to which objection was made without waiving his right to have his exception reviewed on appeal. 3 Am. Jur., Appeal and Error, § 277, p. *285 52. "One who objects and excepts to an erroneous ruling which permits his opponent to present improper evidence does not waive or lose his objection or exception * * * by his subsequent introduction of the same class of evidence in support of his case." Salt Lake City v. Smith, 104 Fed. 457, 471.
However, the plaintiff contends that the law in this state is to the contrary and that under our rule an exception is waived by the introduction of evidence on the same subject matter for the purpose of contradicting evidence adduced by the plaintiff. He cites the case of Fugere v. Cook, R.I., 69 Atl. 555, as thority for this proposition. It is our opinion that the Fugere case is not precisely in point. In that case the defendant objected to the introduction in evidence of a written report of a sewer commission. Thereafter the defendant called one of the commission members to testify in his behalf concerning that report. It appears to us that in so doing the defendant made the report his own, thereby acting in a manner which was inconsistent with the objections to the admission of the report. It does not appear that his action in any manner contradicted the contention of the report.
In the instant case defendant did not adopt as its own the evidence to which objection was made. On the contrary it adduced evidence which was clearly designed to contradict the evidence to which objection was made and to impair the weight that would be given it by the jury. In our opinion this conduct was consistent with its objection and exceptions taken to the ruling thereon. We subscribe to the proposition that where objection has been made to the introduction of evidence and an exception has been taken to an adverse ruling thereon, the subsequent introduction of evidence designed to contradict the evidence to which objection was made does not constitute a waiver of the exception. To whatever extent there may be language in the Fugere case which appears to conflict with this opinion it is disapproved.
Because of the view which we take of the validity of the defendant's exceptions before this court, it is our opinion that the admission of the testimony of the expert witness produced by the plaintiff was error which in the circumstances was prejudicial to the defendant, and a new trial should be granted. It is therefore unnecessary to consider the remaining exceptions.
The defendant's exception to the ruling admitting such testimony is sustained, and the case is remitted to the superior court for a new trial.