294 A.2d 201.

DOROTHEA ENOS et al. vs. W. T. GRANT COMPANY.

AUGUST 17, 1972.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

524

JOSLIN, J. This civil action was brought by Dorothea Enos and her husband to recover for personal injuries suffered by Dorothea and consequential damages sustained by her husband. The case was tried before a jury in the Superior Court, and, at the close of the plaintiffs' case, the defendant, without resting, moved for a directed verdict. That motion was granted, and the plaintiffs have appealed from the judgment which then entered. We discuss only the wife's claim, but what we say with respect to it applies equally to the husband's.

The posture in which the case comes here requires us to view the evidence and the reasonable inferences to which it is susceptible in the light most favorable to plaintiff and without regard to its weight or the credibility of the witnesses. *Maggi* v. *DeFusco*, 107 R. I. 278, 267 A.2d 424 (1970); *Healy* v. *Tidewater Oil Co.*, 104 R. I. 81, 242 A.2d 298 (1968); *Redding* v. *Picard Motor Sales, Inc.*, 102 R. I. 239, 229 A.2d 762 (1967). That evidence, so viewed, reveals that on the afternoon of November 23, 1966, plaintiff, together with her daughter and daughter-in-law, were shopping in defendant's department store. The store was more crowded than usual and the patrons included both adults and children. While ascending the stairway leading from the basement to the ground floor, plaintiff was bumped by a 10 to 12 year-old girl who was running up the stairs. As a result she lost her balance and fell to the floor, thereby allegedly sustaining the injuries which prompted this litigation.

In this court plaintiff argues initially that defendant, in

moving for a direction before the trial justice, failed to comply with Super. R. Civ. P. 50(a) which requires a movant to support his motion with a statement of "the specific grounds therefor." That argument, even assuming that defendant's presentation before the trial justice suffered from the ·deficiency charged, is of no· assistance to plaintiff because an· adverse party who fails ,at· the trial court ·level· to object to an· opponent's .motion for a direction on specificity grounds will ordinarily not be allowed on appeal to argue that the· motion for direction should have been denied on that ground. ·*Cox* v. *Freeman,* 321 F.2d 887, 891 (8th Cir. 1963); 2B Barron & Holtzoff, *Federal Practice & Procedure* §1073·at 370 (Wright ed. 1961); 5A Moore, *Federal Practice* ¶50.04 at 2340 (2d ed. 1971). *See Sanford Bros. Boats, Inc.* v.. *Vidrine,* 412 F.2d 958, 967-68 (5th Cir. 1969).

Turning from the procedural question to the substantive issues we advert generally to the obligations of a storekeeper who holds his premises open to the members of the public and. invites them to enter thereon hoping that they will inspect and purchase his wares. That invitation does not make him an insurer of the safety of those who accept his invitation, *Dawson* v. *Rhode Island Auditorium, Inc.,* 104 R. I. 116, 124, 242 A.2d 407, 413 (1968); *Cofone* v. *Narragansett Racing Ass'n,* 103 R. I. 345, 350, 237 A.2d 717, 720 (1968). Neither does it impose upon him the duty of anticipating and protecting those invitees against the unlikely or the improbable. *Cofone* v. *Narragansett Racing Ass'n, supra; James* v. *R. I. Auditorium, Inc.,* 60 R. I. 405, 409, 199 A. 293, 295 (1938). He does, however, owe them the duty of exercising reasonable care to protect them against physical harm caused by the acts of third persons, if he either knew, or in the exercise of due care should have known, that the third person was likely to conduct himself in a manner that would endanger his customer's safety and, if, notwithstanding that knowledge, he failed to take reason-

able measures to protect his customers against that harm. *See Kane* v. *Burrillville Racing Ass'n,* 73 R. I. 264, 54 A.2d 401 (1947); *Phelps* v. *Burrillville Racing Ass'n,* 73 R. I. 84, 53 A.2d 753 (1947).

When we apply these rules to the facts before us we find that the *obvious weakness in plaintiff's case is the lack of* any evidence which even remotely suggests that defendant either knew, or had reason to know, that it was likely that a 10 to 12 year-old child would run up the stairs and either negligently or intentionally bump into a customer and cause her to lose her balance and fall. The plaintiff attempts to fill this testimonial void by stressing that she was injured during the Christmas shopping season when defendant's store was more than usually crowded with both adults and children. Those special conditions, she argues, justify the drawing of an inference that defendant should reasonably have anticipated the conduct which in fact resulted in her injury. Under our law, however, the fact that it was the Christmas shopping season when a department store is likely to be more than usually crowded, *without something more,* would not necessarily put an ordinary prudent shopkeeper on notice that his customers were likely to be harmed unless he instituted safety precautions to protect them while using a stairway in his premises. Our decision in *Mercurio* v. *Burrillville Racing Ass'n,* 95 R. I. 417, 187 A.2d 665 (1963) makes this quite clear.

In that case the plaintiff, while following a custom popular among racetrack patrons, was walking from the grandstand to a ring where the horses entered in the next race could be observed, when he was either struck by or walked into a motor vehicle operated by an independent contractor retained by the defendant to take pictures of each race from several vantage points around the track. After observing that nothing in the record suggested " * * * that an accident such as happened to plaintiff was likely to hap-

pen to patrons generally or that it was the natural and probable result of allowing motor vehicles in this area when it was frequented by patrons * * *" the court said that the void could have been filled by evidence that other accidents of a similar nature had occurred in the past. That kind of evidence, it continued, would have furnished a sound and rational basis for an inference that the defendant-race-track either knew, or should have known, that the operation of an automobile in the area where the accident occurred created a likelihood of danger to its patrons.

In this case, as in *Mercurio*, there is an evidentiary deficiency with respect to the foreseeability of what happened. That gap could have been filled, for example, by a past history of similar instances taking place when the defendant-store was more than usually crowded or by evidence that during past Christmas seasons unruly and boisterous children had been observed on the premises. Without that or similar proof, to hold that the customer here was entitled to have her case submitted to a jury would be tantamount to saying that defendant was duty bound to guard against not only what is likely to happen, but also against the unlikely or slightly probable event. Sound judgment forbids us to go that far.

Continuing in her attempt to supply the missing evidence, plaintiff points to defendant's answer to an interrogatory wherein it names certain of its employees who were generally charged with the duty of supervising the movement of customers in its store. She argues that defendant's failure to call those persons as witnesses opens the record to the inference that their testimony would have been unfavorable to defendant and that they would have said that their duty stations included the stairway where the injury occurred.

Plaintiff's contention overlooks the principle that an inference bottomed upon an opponent's failure to call certain

witnesses, while sometimes available to a proponent who has established a prima facie case, is unavailable as a substitute for proof of a fact necessary to get the proponent's case to a jury. *Lapierre* v. *Greenwood*, 85 R. I. 484, 490, 133 A.2d 126, 129 (1957).

In addition to the specific arguments already adverted to, plaintiff cites several decisions which she asserts support her position. Some, like *Bragg* v. *Warwick Shoppers World, Inc.*, 102 R. I. 8, 227 A.2d 582 (1967), while apparently similar, are of no assistance because they were heard on motions to dismiss complaints which in fact contained allegations that the possessor of the premises where the injury occurred knew, or in the exercise of reasonable care should have known, that the condition causing the injury was likely to happen; others are distinguishable on their facts as, for example, is *Ephremian* v. *Sholes*, 72 R. I. 395, 52 A.2d 425 (1947) where, unlike this case, there was evidence that the condition causing the injury had continued on the defendant's premises for a long enough time to charge him with knowledge of its existence; and finally, there are those which on similar facts reach a contrary conclusion. As to them we can only say that the decisions in this state, as well as elsewhere, rest, in our judgment, on sounder ground. *F. W. Woolworth & Co.* v. *Conboy*, 170 F. 934 (8th Cir. 1909); *Lord* v. *Sherer Dry Goods Co.*, 205 Mass. 1, 90 N.E. 1153 (1910); Prosser, *Torts* §61 at 395 (4th ed. 1971). *See also* Restatement (Second) *Torts* §344 (1965).

The plaintiff also assigns as errors rulings on two evidentiary matters. The first was the trial justice's refusal to permit the introduction of an advertisement which appeared in the local press about one week prior to the accident and which invited potential customers to get a head start on the Christmas shopping season by purchasing their toys at defendant's store. The plaintiff argues that the advertisement was intended to attract customers to defend-

ant's store, that defendant should have realized that by reason thereof a larger than usual number of customers would appear on its premises, and that it should therefore have provided adequate supervision to protect those customers from the harmful conduct of third persons.

Even were we to assume that the proffered exhibit was admissible, plaintiff still could not prevail on this issue. The excluded evidence, instead of controlling a material aspect of the case, would have merely supplemented a record already replete with evidence that there was an unusually large number of customers on the premises at the time she sustained her injury. The exclusion of that kind of evidence is not prejudicial. *Urbani v. Razza*, 103 R. I. 445, 449, 238 A.2d 383, 386 (1968).

The plaintiff argues that the trial justice also erred when he refused to take testimony from an engineer whom she called as a witness. According to the offer of proof, that witness, if allowed to testify, would have described the construction and physical characteristics of the stairway, the safety of the stairs and their conformity with the building code, and the presence or absence of any warning signs. That type of evidence, or at least some of it, might have been admissible had plaintiff's claim been that her fall was caused by the faulty construction of the stairway or the disrepair of the stairs; but her case is not based upon faulty construction or disrepair. Instead, its thrust is that defendant failed to take appropriate measures to prevent a 10 to 12 year-old girl from running into her, and that but for having been bumped by that girl, she would have negotiated the stairway successfully. Most of the offered evidence is without bearing on that issue and was therefore clearly inadmissible.

The offer of proof does, however, include a statement that the witness would testify whether or not there were warning signs on the stairway. That evidence would have been

relevant to the theory upon which plaintiff proceeded in this case, and she insists that it was material on the foreseeability issue. She relies on *Ephremian* v. *Sholes, supra,* where evidence that the defendant had posted signs along the aisle prohibiting "fast skating" justified the fact finder in concluding that "* * * defendant knew or reasonably apprehended some danger to patrons in the aisle from reckless skaters * * *" and that it should therefore have taken the necessary steps to insure that skaters would not so conduct themselves as to endanger the safety of patrons in the aisle. 72 R. I. at 400-01, 52 A.2d at 428.

The plaintiff, however, has not brought her case within the limits of *Ephremian* v. *Sholes, supra,* for nothing in her offer of proof indicates that signs were in fact posted at, or in close proximity to, the stairway, or, if there were such signs, what they said. Instead, her offer of proof in this respect says only that "* * * he [the engineer] would also testify as to whether or not there were any signs * * *." Such an offer certainly fails to meet the requirement that a proponent of evidence, instead of engaging in a "mere ritualistic formalism," should provide a reviewing court with a clear picture of what he intended to prove. *Manning* v. *Redevelopment Agency,* 103 R. I. 371, 379, 238 A.2d 378, 382 (1968).

Finally, in her offer of proof plaintiff says that the witness would have testified "* * * whether these stairways under normal use could reasonably be expected to be safe * * *." That offer, even were we not to fault it because it falls short of the *Manning* standards, would be inadmissible under *Fontaine* v. *Follett,* 51 R. I. 413, 155 A. 363 (1931) where the court said that an engineer's opinion as to whether a highway was safe and convenient for travel was properly excluded because it called for a conclusion of fact within the province of the jury and regarding which his conclusion was of no greater value than that of any other per-

son. *Id.* at 416, 155 A. at 364. *See also Glennon* v. *Great Atlantic & Pacific Tea Co.*, 87 R. I. 454, 143 A.2d 282 (1958).

The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*F. Monroe Allen,* for plaintiffs.

*Keenan, Rice, Dolan & Reardon, Frederick A. Reardon,* for defendant.