Jean COSTANTINO, Individually and as Executrix of the Estate of Aldo Costantino

v.

SUBURBAN FITNESS CENTER et al.

No. 2000–344–Appeal.

Supreme Court of Rhode Island.

Feb. 7, 2002.

Amato A. DeLuca, Providence.

Miriam Weizenbaum, Providence, Bret Jedel.

Michael DeSisto, Providence.

John T. Walsh, Jr., Paul S. Callaghan, Raymond A. LaFazia, Providence.

ORDER

This is an appeal from a summary judgment granted in favor of the defendant Town of Scituate (town) on the grounds that the plaintiff, Jean Costantino, individually and in her capacity as executrix of the estate of the decedent, Aldo Costantino (decedent), failed to adduce any evidence indicating that the town was grossly negligent in connection with the death of the decedent. The decedent was exercising at the defendant Suburban Fitness Center (fitness center) at 5:30 in the morning on June 5, 1996 when he collapsed. By the time rescue personnel arrived, the decedent had lapsed into a coma from which he eventually died in 1998. As a result, the plaintiff sued the fitness center, the defendant North Scituate Fire Department, No. 1, and the town and its treasurer, Theodore Przybyla (treasurer).

The town and its treasurer moved for summary judgment on the grounds that the court could not hold them vicariously liable for the alleged gross negligence of the town's volunteer fire department and its personnel. The plaintiff claimed that the town and the other defendants had failed to respond to this emergency in a timely manner and that they otherwise acted in a grossly negligent manner under the circumstances. But the motion justice granted summary judgment in favor of the town and its treasurer (and entered judgment under Rule 54(b) of the Superior Court Rules of Civil Procedure) on the ground that plaintiff had failed to produce any evidence showing that the town was grossly negligent in causing the decedent's death. A single justice ordered the parties to show cause why we should not resolve this appeal summarily. Because they have not done so, we proceed to decide the appeal at this time.

After reviewing the record in this matter, we agree with the motion justice's failure-of-proof assessment. The plaintiff did not adduce any evidence showing that the town was grossly negligent in causing the decedent's death by the way it responded to the emergency call in question. The plaintiff's theory was that the town, acting through a volunteer fire department that received almost all of its financial support from the town, had taken too long in responding to a 9-1-1 emergency call after plaintiff's decedent had collapsed at the fitness center. But even assuming, without deciding, that the court could deem the volunteer fire department an agent of the town, the plaintiff simply failed to submit any evidence in response to the town's summary judgment motion that, if believed, would have entitled a fact finder to conclude that the town or its agents were responsible for the death of plaintiff's decedent because of the grossly negligent way in which they had responded to this situation. "In an action for wrongful death, the plaintiff must, as in any other negligence suit, introduce competent evidence to establish a causal rela-

tionship between the defendant's act or omission and the injuries resulting in decedent's death." *Boccasile v. Cajun Music Ltd.*, 694 A.2d 686, 689 (R.I.1997) (quoting *Allen v. State*, 420 A.2d 70, 72 (R.I.1980)). "Ordinarily the determination of proximate cause and, consequently, the existence of any superseding cause is a question of fact that should not be decided by summary judgment. However, one resisting summary judgment must assert 'sufficient facts to satisfy the necessary elements of his [or her] negligence claim' and if a 'plaintiff fails to present evidence identifying defendants' negligence as the proximate cause of his [or her] injury or from which a reasonable inference of proximate cause may be drawn,' then summary judgment becomes proper." *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 467 (R.I.1996) (quoting *Russian v. Life–Cap Tire Services, Inc.*, 608 A.2d 1145, 1147 (R.I.1992)).

Thus, even assuming, without deciding, that the town owed some duty to the plaintiff's decedent in this situation and that it could be held vicariously liable for the acts and omissions of the volunteer fire department's emergency rescue personnel, the plaintiff failed to provide any evidence in response to the town's summary judgment motion, which, if it were credited, would entitle a jury to conclude that the town or its agents were grossly negligent in causing the plaintiff's injuries.

For these reasons, we deny the plaintiff's appeal and affirm the summary judgment in favor of the town and its treasurer.