CASE 75—PETITION ORDINARY—MAY 10.

# Wagers v. Trustees of Town of Irvine.

APPEAL FROM ESTILL CIRCUIT COURT.

1. DAMAGES FOR INJURY TO PERSON—INTEREST ON.—All judgments for injury to the person rendered after the passage of the Act of March 1, 1888, providing for interest on such judgments should bear interest although the cause of action accrued prior to the passage of that act.

J. B. WHITE FOR APPELLANT.

1. The statute prior to March 1, 1888, excepted from the judgments which should bear interest those rendered upon certain causes of action; but by the provisions of that act these exceptions were stricken from the statute, and the effect of this action was to leave the law as to interest on judgments as though such exceptions had never been in the statute.

V. P. SMITH FOR APPELLEE.

1. At the time of the accrual of the plaintiff's cause of action no interest on such judgments was allowed by the statute; (General Statutes, page 799, chap. 60, sec. 6); and it makes no difference that the judgment itself was rendered after that act was so amended as to give interest on such judgments. Adams v. Rankin, 1st Duvall, 58.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

August 20, 1883, appellant instituted an action to recover of the town of Irvine for a personal injury sustained upon a bridge within the limits thereof.

July, 1884, judgment was rendered in his favor for $1,500, which, however, on appeal to the superior court was reversed. March 5, 1889, on a second trial, he recovered the present subsisting judgment for $1,000, it having on appeal

been affirmed. November 27, 1889, he commenced this action for a mandamus requiring appellees, as trustees of said town, to cause levied and collected taxes sufficient in amount to satisfy the judgment and interest thereon from its date, the petition containing the allegation that an execution had been issued and returned no property found, and appellees refuse to pay said debt.

December 4, 1896, a judgment was rendered ordering and requiring appellees to cause levied and collected a rate of taxation deemed sufficient by the court to pay amount of the judgment and cost of litigation, but appellant was adjudged not entitled to any interest on the principal sum, and the court refused to require appellees to pay or provide for the payment of any of said interest, and from that part of the judgment this appeal is prosecuted.

Section 6, article 1, chapter 60, General Statutes, provides as follows: "A judgment, except for malicious prosecution, libel, slander or injury to the person, shall bear legal interest from its date."

And if that section, as it reads, had been in force March 5, 1889, the judgment thus rendered would not have borne any interest. But March 1, 1888, the following act was passed:

"Section 1. That section 6 of article 1 of chapter 60 of the General Statutes, title 'Interest and Usury,' be amended by striking therefrom the words 'except for malicious prosecution, libel, slander or injury to the person.'

"Section 2. All laws in conflict with this act are hereby repealed.

[ 35 ]

"Section 3. This act shall take effect from and after its passage."

As by the third section it was expressly provided the act should take effect from its passage, the natural and intended effect of it was that every judgment, without exception, thereafter rendered should, without regard to time of accrual of the cause of action, bear legal interest from its date. Therefore, the act necessarily, though by no means retroactively, operated upon the judgment rendered in favor of appellant March 5, 1889, so as to make it interest bearing.

In our opinion it was the duty of the lower court to require appellees to cause levied and collected taxes sufficient to pay interest on that judgment from its date as prayed for in the petition, and for error in failing to do so the judgment appealed from is reversed and the cause remanded for proceedings consistent with this opinion.