ORVILLA RUSSELL *vs.* NATIONAL LIFE INSURANCE COMPANY.
JUNE 9, 1950.
PRESENT: Flynn, C.J., Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J.   This is an action in assumpsit to recover the proceeds of a life insurance policy issued by the defendant, hereinafter called the company, upon the life of plaintiff's husband James Russell, wherein she is named the beneficiary.  At the trial to a jury in the superior court the plaintiff was nonsuited.  The case is before us on her exception to that decision and also on an exception to a ruling sustaining a substantial demurrer to the first count of her declaration.

The declaration is in two counts.  The first count is framed on the theory that public laws 1934, chapter 2090, now general laws 1938, chap. 153, §16, requires that policies of life insurance issued by companies doing business in Rhode Island shall provide for an automatic premium loan of the net cash value of the policy for the purpose of paying any unpaid premiums.  The plaintiff contends that the foregoing provision is applicable to the policy

in question. This count was eliminated by the ruling on defendant's demurrer. The second count upon which plaintiff was nonsuited is founded on the allegation that the company erred in computing the extended term insurance, hereinafter called extended insurance, upon default in the payment of premiums.

The determinative issue in this case is whether the policy was in force when the insured died on December 22, 1938. Under the exception to the ruling on the demurrer plaintiff contends that the statute relied upon in the first count of the declaration is retrospective and therefore the policy was in force at that time. The language of the statute does not warrant such conclusion. It is a settled rule of statutory construction that a statute is to be construed as having only a prospective operation unless the purpose and intention of the legislature to give it a retrospective effect is expressly declared or is necessarily implied from the language used. *Greenough* v. *Allen Theatre and Realty Co.*, 33 R. I. 120; *Leonard* v. *State Mutual Life Assurance Co.*, 27 R. I. 121. 106 A.L.R. 46. In *Jennings* v. *U. S. Bobbin & Shuttle Co.*, 44 R. I. 388, at page 390, this court said that in a statute words "ought not to have a retrospective operation unless they are so clear, strong, and imperative that no other meaning can be annexed to them or unless the intention of the legislature cannot be otherwise satisfied." We cannot adopt the construction of the statute urged by plaintiff without disregarding the rule just mentioned. If the legislature intended that the statute should apply not only to life insurance policies issued after its passage but also to policies theretofore issued and outstanding, such intention is not made clear in the statute either by express terms or by necessary implication. This exception is overruled.

The plaintiff's other exception is to the granting of defendant's motion for a nonsuit. The only witness in the case was Morton Armstrong Laird, the company's assistant actuary, who was called by the plaintiff under the provi-

sions of P. L. 1939, chap. 705, commonly called the adverse witness law. His duty with the company was to deal with mathematical problems arising in connection with its insurance business. The following facts in his testimony are undisputed. The policy was issued December 28, 1896 for $1000 with an annual premium payable on its anniversary date. On November 1, 1932 the insured borrowed $300 on the policy to be repaid with interest at 6 per cent. Upon default in the payment of the premium and interest in 1934 the company, in accordance with the optional settlement provision in the policy where there is no action on the part of the insured, converted it into extended insurance. When this was done the reserve of the policy was $635.11 and the indebtedness of the insured to the company was $318, that is, $300 for the loan and $18 interest thereon.

After the foregoing facts were established Laird's examination and cross-examination developed into a long mathematical disputation of a purely technical character which is difficult to understand clearly in all its details. However, in our opinion the net result of that testimony was to affirm the company's claim that the policy had expired three days before the insured's death. In the course of Laird's testimony it appeared that in determining the period of extended insurance the company disregarded fractions of a day and of a cent. The plaintiff contends that this was improper and that if those items were taken into consideration the policy would have continued in force at least up to the day of the insured's death.

The policy gave notice of the basis for the determination of extended insurance. On page two thereof is a table showing, among other things, the extended insurance from the third through the twentieth year. Immediately below that table and in clear print is the following statement: "Note.—The same basis on which the above tables are constructed will apply if this policy is continued in force beyond the twentieth year."

The evidence is uncontradicted that the same method

of computation was used by the company in fixing its obligations as well as its rights under the contract with the insured. A standard for such computation being plainly and fairly fixed in the policy, the insured as well as the insurer was bound thereby. However appealing the circumstances of the instant case may be, we are constrained to hold that there was no error in granting defendant's motion for a nonsuit. The exception to such decision is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the nonsuit.

*Aram A. Arabian,* for plaintiff.

*Greenough, Lyman & Cross, R. Gordon Scott, Jr.,* for defendant.