FREDERICK W. FOSTER *vs.* KATHERINE R. QUIGLEY.

APRIL 4, 1962.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is an action of trespass on the case which was tried before a justice of the superior court without a jury who rendered a decision for the plaintiff but refused to add to the damages interest from the date of the writ. The case is here on the plaintiff's bill of exceptions to the decision solely because of such refusal.

The plaintiff commenced his action on May 1, 1951 in the district court of the sixth judicial district and received a favorable decision. After such decision defendant appealed to the superior court where on June 13, 1952 a jury returned a verdict for plaintiff. Thereafter defendant moved for a new trial which was granted. However, it was not held until October 3, 1961. In the meantime on September 1, 1958, P. L. 1958, chap. 126, now G. L. 1956, §9-21-10, became effective and provides:

"In causes of action and actions of trespass and trespass on the case for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of the writ which shall be included in the judgment entered therein."

The plaintiff contends that the statute is intended to apply to any judgment entered upon a decision made or a verdict rendered after its enactment regardless of the date of the commencement of the action. The defendant argues that it is intended to operate only on actions that have been commenced since its enactment. To construe it otherwise, she claims, is to give it a retrospective operation contrary to the general rule that a statute is presumed to operate only prospectively unless a contrary intent is expressed or necessarily implied therein. The plaintiff concedes that such is the rule but contends that his construction of the statute does not violate it.

We have recognized and applied that rule in appropriate cases. See *State* v. *Hillman*, 84 R. I. 396; *Capobianco* v. *United Wire & Supply Corp.*, 78 R. I. 309. But the primary question for us to determine here is whether the instant case is an appropriate one for its application. Admittedly it would be if defendant's construction of the statute is correct. However, we are of the opinion that it is not. We think the language of the statute clearly indicates that the legislature was concerned solely with the time when the damages were ascertained by decision or verdict and not at all with reference to the commencement of the action.

Interest on a judgment in an action of trespass or trespass on the case for damages to person or property is not of the substance of the right of action but exclusively an incident attached thereto by legislative fiat after such right has been adjudicated. The period for computation of such interest is in the same category. It is in essence analogous

to costs concerning which it is said that "a statute establishing costs and fixing court fees applies to pending cases equally with those arising after its enactment, unless a contrary purpose is expressed or fairly inferable from the words used." 20 C.J.S. Costs §3, p. 264.

In consonance with this view it has been held by respectable authority that interest on a judgment is ordinarily computed in accordance with the statute in effect at the time of its rendition rather than at the time the action accrued. *Wagers* v. *Trustees of Town of Irvine,* 103 Ky. 544; *Salter* v. *Utica & Black River R.R.,* 86 N. Y. 401; *Gulf, C. & S. F. Ry.* v. *Gray* (Texas Civ. App.), 24 S. W. 921. Consistently with such view it has also been held that an incident thus attached by legislative fiat to a judgment could be changed at any time. *O'Brien* v. *Young,* 95 N. Y. 428.

Here of course it is not a question of whether the legislature could make the provision for interest computable from the date of a writ commencing an action before the enactment of the statute but whether it intended to have its fiat thus applied. Its language readily responds to the time of decision or verdict. For this reason we construe the statute as intending to become operative in any case where a decision is made or verdict rendered after its enactment irrespective of the time when the action was commenced. Hence, the trial justice erred in refusing to order the addition to the judgment of interest from the date of the writ.

The plaintiff's exception is sustained, and the case is remitted to the superior court for entry of judgment in accordance with this opinion.

### MOTION TO REARGUE.
#### APRIL 23, 1962.

PER CURIAM. After our decision in the above case was filed, the defendant was granted permission to present a motion for reargument. Pursuant thereto she has filed such

a motion, setting out therein the particular reasons on which she bases her contention that justice requires a reargument of the case.

We have carefully considered those reasons and are of the opinion that they suggest nothing which in the circumstances warrants a reargument.

Motion denied.

*Pontarelli & Berberian, Aram K. Berberian,* for plaintiff.

*Raymond J. McMahon, Jr.,* for defendant.