234 A.2d 663.

JOSEPH PERRI *vs.* ALFRED WOOD.

NOVEMBER 3, 1967.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

POWERS, J.   This civil action is before us on the defendant's appeal from the entry of a superior court judgment for the plaintiff in the sum of $750 plus interest and costs. The case arose out of a collision November 23, 1953, between a jeep truck operated by plaintiff and an automobile operated by defendant at the intersection of two highways in the town of Westerly.

Litigation commenced November 18, 1955, with the issuance out of the superior court for Washington county of a writ of summons in an action of trespass on the case for negligence. The damages claimed were for personal injuries and were laid in the writ at $5,000.

It was not until October 13, 1966, however, that the case was tried before a superior court justice sitting without a jury. From the oral and documentary evidence adduced before him, the trial justice found that plaintiff had sustained personal injuries for which defendant's negligence was the proximate cause, and he assessed damages at $750. He ordered the clerk to enter judgment for plaintiff in that amount, together with interest and costs.

In addition to his contention that in finding for plaintiff on the merits, the trial justice misconceived and overlooked material evidence, and further, reached his decision on the basis of facts not in evidence, defendant contends that under the circumstances of the instant case, the trial justice erred in allowing interest and costs. We will first consider this latter contention.

General Laws 1956, §8-2-14, as amended, provides in part:

> "The superior court * * * shall also have exclusive original jurisdiction of all other actions at law in which the amount in controversy shall exceed the sum of one thousand dollars ($1,000); provided, that the plaintiff shall not recover costs unless he shall recover in such action not less than one thousand dollars ($1,000) * * * or unless in the discretion of the court, on motion, costs be awarded."

Since the damages recovered were less than $1,000 and it is not disputed that the trial justice allowed costs, absent a motion therefor made by plaintiff, defendant argues that the trial justice's order in this regard should not be permitted to stand. Furthermore, relying on *Foster* v. *Quigley*, 94 R. I. 217, 179 A.2d 494 (1962), he argues that interest is equatable to costs and the allowance of costs hav-

ing been improper, it follows that the award of interest by the trial justice was likewise improper.

In the *Quigley* case, this court was concerned with whether the provisions of now §9-21-10, as amended, were limited to verdicts or decisions rendered in cases commenced after the enactment of the cited section or applicable as well to cases commenced prior to enactment, but in which a verdict or decision was rendered subsequent to the adoption of the cited section.

The section in question provides:

> "In causes of action and actions for damages to the person or to real and personal estate in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages, interest thereon from the date of commencement of the action which shall be included in the judgment entered therein."

Concluding that the legislature intended to provide for interest on verdicts or decisions rendered after the statute's enactment regardless of when the action may have been commenced, this court in *Quigley, supra,* at 218 and 179 A.2d at 495 stated:

> "Interest on a judgment in an action of trespass or trespass on the case for damages to person or property is not of the substance of the right of action but exclusively an incident attached thereto by legislative fiat after such right has been adjudicated. The period for computation of such interest is in the same category. It is in essence analogous to costs concerning which it is said that 'a statute establishing costs and fixing court fees applies to pending cases equally with those arising after its enactment, unless a contrary purpose is expressed or fairly inferable from the words used.' 20 C.J.S. Costs §3, p. 264."

In contending that interest should be equated with costs and thus barred where the judgment or decision is less than $1,000, absent an allowance on motion made by plaintiff,

defendant finds comfort in the expression, "It is in essence analogous to costs * * *" as the same appears in the quoted language of the *Quigley* case.

We are not persuaded, however, that interest and costs should be thus equated. In using the expression on which defendant relies, this court was simply making the point that neither interest nor costs were recoverable unless authorized by legislative fiat. We think it clear that the barring of costs as provided in §8-2-14, as amended, is limited to costs, whereas by the provisions of §9-21-10, as amended, the court clerk is mandated to compute the interest and include it in the judgment entered. In so doing, he performs a ministerial act free of judicial intervention. *Kastal v. Hickory House, Inc.*, 95 R. I. 366, 187 A.2d 262 (1963).

There is merit, however, in defendant's contention that the trial justice's sua sponte ordering of costs was unwarranted and should not be allowed to stand. The legislature in fixing their respective original jurisdictions apparently intended to provide against plaintiffs commencing in the superior court an action which should properly be brought in the district court by withholding costs when the damages recovered in an action commenced in the superior court were less than the $1,000 minimum ad damnum essential to the superior court's jurisdiction. See *State Loan Company v. Barry*, 71 R. I. 188, 43 A.2d 161 (1945), and *Ryder v. Brennan*, 28 R. I. 538, 68 Atl. 477 (1908).

When the recovery sought is for liquidated damages, a plaintiff ordinarily would experience no difficulty in determining the appropriate forum. Where, however, as here, damages are unliquidated, a plaintiff might have sound reason to believe that the damages recovered, if any, would be in excess of $1,000. We think it quite likely that it was for this reason that the legislature authorized superior court justices to exercise their discretion as to whether costs should be awarded when the damages assessed were less

than the mandated ad damnum, but then, only on the plaintiff's motion, which the defendant would have an opportunity to contest.

We turn now to a consideration of defendant's principle assignment of error: namely, that the decision of the trial justice on the issue of liability is clearly wrong.

The undisputed evidence establishes that at about 9:50 o'clock on a rainy morning, plaintiff was operating a pickup truck southerly along Chester avenue and defendant was operating his car easterly along School street, both highways being in the town of Westerly. There is a stop sign on Chester avenue at the intersection of that highway with School street. At about thirty-five yards west of the intersection, School street dips down to the foot of a hill, at which is located the Elm street school. The plaintiff's truck was hit broadside on the right and defendant's car was damaged along its front.

It was plaintiff's testimony that he was traveling southerly along Chester avenue and brought his truck to a stop at the intersection. He further testified that he looked first to his left, then to his right and observing no traffic started his truck in slow speed across the intersection and had reached the southwesterly corner thereof when he was struck by defendant's car. It is also his testimony that when he looked to his right he could not see beyond the thirty-five yards where the hill begins.

The defendant, a music teacher in the Westerly school system, testified that he had left the Elm street school and was headed for the high school when the accident occurred. The high school is on School street east of Chester avenue. Both plaintiff and defendant gave statements to a police officer after the accident and defendant told the officer that he was traveling at 25 miles per hour. On cross-examination, however, he admitted that he could have been traveling at a greater speed; that he was keeping his eyes on the

road before him; and that he did not see plaintiff's truck until moments before he hit it. He also told the officer that he immediately applied his brakes without effect. The police report and a diagram of the scene were admitted in evidence as part of the record.

The defendant acknowledges that the findings of a trial justice sitting without a jury are entitled to great weight and will not be disturbed by this court unless it can be shown that such findings are clearly wrong in that the trial justice in making such findings misconceived or overlooked material evidence. He further concedes that it is the burden of the appealing party to satisfy this court that the trial justice did misconceive or overlook material evidence.

Nevertheless, he contends that in the instant case the trial justice not only misconceived and overlooked material evidence, but also drew inferences from facts not in evidence. The evidence to which he calls our attention as having been overlooked and misconceived is testimony given by defendant and thus had validity only if believed. In reaching his decision adjudging defendant to have been negligent, the trial justice expressly rejects the testimony in question and points out that it is in fact self-contradicting. We have no hesitancy therefore in holding that the trial justice neither misconceived nor overlooked the evidence to which defendant calls our attention. It is elementary that the trier of fact when evaluating testimony must pass on credibility, and testimony found not to be credible is without probative force. *Tormey* v. *Cassidy*, 69 R. I. 302, 33 A.2d 181 (1943).

However, defendant further argues that in reaching his decision, the trial justice drew inferences adverse to defendant from facts that were not in evidence. The defendant's duties as a music teacher apparently required him to hold classes in the several schools of the Westerly school system. He testified that he had just left the Elm street school and

was headed for the high school. He was asked in cross-examination about the hours relating to his classes and whether he had a class at the high school on the morning in question. Reading the cold record, it is quite obvious that counsel for plaintiff was attempting to establish that from the hour of the day and defendant's destination when the accident occurred, defendant was in a hurry to be on time for his next class. The defendant, however, repeatedly stated that he was unable to recall whether he was headed for a class at the high school or not.

In passing on defendant's credibility, the trial justice attributed significance to defendant's lack of memory regarding his classes for that day and noted that a candid answer by defendant might have disclosed that defendant was both speeding and inattentive in an effort to meet his schedule.

The defendant argues, in effect, that the trial justice inferentially found as facts that defendant was speeding and inattentive to traffic by reason of circumstances of which there was no evidence. We think that defendant is here confusing the trial justice's impressions on the issue of credibility with the specific findings of fact. This is a classical example of why great weight should be given to the fact-finder's opportunity to observe witnesses as they testify, detect nuances and hesitations, and note evasiveness that is not apparent to the appellate court from a reading of the cold record. See *Leary* v. *Leary*, 91 R. I. 175, 161 A.2d 812 (1960).

Having rejected defendant's version of the accident, the trial justice in his rescript states that he based his determination of defendant's negligence on the physical evidence as set forth in the police report and plaintiff's account of the accident.

From our reading of the testimony, examination of the factual data contained in the police report, and giving the weight that must be accorded to the trial justice's evalua-

tion of credibility, we cannot say that the decision of the trial justice is clearly wrong.

The defendant's appeal is denied and dismissed, except as to the inclusion of costs, and the case is remitted to the superior court for entry of final judgment for the plaintiff, minus costs.

*Cappuccio & Cappuccio, Louis B. Cappuccio,* of Counsel, for plaintiff.

*Gunning & LaFazia, John F. McDonough* and *Bruce Selya,* of Counsel, for defendant.