327 A.2d 275.

JOHN J. NORTON *vs.* NICOLA PAOLINO.
JAMES O'MALLEY *vs.* CHARLES F. JACKSON.

OCTOBER 30, 1974.

PRESENT: Joslin, Kelleher and Doris, JJ.

DORIS, J. These are two civil actions for personal injuries and property damage arising in each case out of a collision between two motor vehicles on a public highway of this state. In each case a Superior Court justice entered an order denying the plaintiff's motion for substitution of parties. Each case is before this court on the appeal of the plaintiff from the denial of that motion.

The record in O'Malley v. Jackson discloses that in December 1971, plaintiff filed a complaint in Superior Court alleging that on December 8, 1969, defendant was negligent in the operation of his motor vehicle causing damage to plaintiff, and forwarded a copy of the summons and complaint to the Sheriff of Providence County for service on defendant. In May 1972, the sheriff returned the summons unserved with a notation "Not at Wallum Lake, Ret. to attorney." The defendant died January 27, 1972, without service having been effected.

On December 18, 1972, plaintiff forwarded a summons

to the sheriff's office for service upon defendant's insurer. The summons was served on December 19, 1972, and filed with notice of service thereon in Superior Court on December 27, 1972.

On January 3, 1973, plaintiff, pursuant to Super. R. Civ. P. 25(a)(1)[1] and P. L. 1972, ch. 188,[2] filed a motion for the substitution of parties because of the death of defendant. After hearing, a Superior Court justice denied the motion. The case is before this court on plaintiff's appeal from the denial of that motion.

The record in Norton v. Paolino discloses that on December 14, 1965, plaintiff filed a declaration in Superior Court alleging that on July 6, 1964, defendant was negli-

---

[1]Super. R. Civ. P. 25(a)(1) reads as follows:

"(a) Death.

"(1) If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided by Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of a summons. If no motion for substitution is made the action shall be subject to dismissal under Rule 41(b)."

[2]Public Laws 1972, ch. 188 reads as follows:

"Remedies of Injured Party Against Insurer.—Such injured party, or, in the event of his death, the party entitled to sue therefor, in his suit against the insured, shall not join the insurer as a defendant. If, however, the officer serving any process against the insured shall return said process "non est inventus," or where before suit has been brought and probate proceedings have not been initiated the insured has died, or where a suit is pending against an insured in his own name and the insured dies prior to judgment, the said injured party, and in the event of his death, the party entitled to sue therefor, may proceed directly against the insurer. Said injured party, or, in the event of his death, the party entitled to sue therefor, after having obtained judgment against the insured alone, may proceed on said judgment in a separate action against said insurer; provided, however, that payment in whole or in part of such liability by either the insured or the insurer shall, to the extent thereof, be a bar to recovery against the other of the amount so paid."

gent in the operation of his motor vehicle causing damage to plaintiff.

The defendant was duly summoned by the sheriff and a return of the summons with service noted thereon was filed in Superior Court. Several motions were subsequently filed but the case was never tried.

On January 3, 1973, pursuant to Super. R. Civ. P. 25 (a)(2)[3] a suggestion of the death of defendant was filed by counsel for defendant. The death certificate indicates that defendant died on September 24, 1971.

On January 30, 1973, plaintiff, pursuant to Super. R. Civ. P. 25(a)(1) and P. L. 1972, ch. 188, filed a motion for the substitution of the insurer in place of the deceased defendant. After hearing, the same Superior Court justice who denied the motion for substitution of parties in O'Malley v. Jackson denied plaintiff's motion for substitution in Norton v. Paolino. The plaintiff seasonably appealed the denial of that motion to this court.

The plaintiff in each case filed a motion to consolidate the appeals for hearing before this court. We granted the motions to consolidate on April 12, 1973, and therefore our decision and reasoning will apply equally to each case.

The defendant first contends that plaintiff's appeal is premature and therefore not properly before this court. He argues that the decision of the trial justice denying the motion for substitution of parties and the judgment entered subsequent thereto is not a final judgment and therefore an appeal will not lie unless the case falls within the exceptions wherein an appeal from an interlocutory

---

[3]Super. R. Civ. P. 25(a)(2) reads as follows:

"(2) In the event of the death of one or more of the plaintiffs or of one or more of the defendants in an action in which the right sought to be enforced survives only to the surviving plaintiffs or only against the surviving defendants, the action does not abate. The death shall be suggested on the record and the action shall proceed in favor of or against the surviving parties."

732

order is allowed. The defendant points out that one such exception is under the authority contained in G. L. 1956 (1969 Reenactment) §9-24-7 under which an appeal is allowed from an interlocutory order or judgment which grants or continues an injunction, or appoints a receiver, or orders a sale of real estate or property, and he correctly states that the instant appeal does not fall within §9-24-7.

The defendant next directs our attention to the exception which follows the rule set forth in *McAuslan* v. *McAuslan,* 34 R. I. 462, 83 A. 837 (1912), which allows an appeal from orders or decrees which although interlocutory in nature, require prompt review and determination and which because of serious and possibly injurious consequences are held to have an element of finality. He argues that the instant appeal does not fall within the exception allowed under *McAuslan,* and is therefore premature and improperly before this court. We believe otherwise. While it is true that the general rule is that in order to avoid "piece meal" appeals we will not review rulings or orders until a case has been finally determined on the merits, it is equally well settled that the rule is otherwise when special and unusual circumstances are present which affect matters of public policy and interest. *O'Brien* v. *Costello,* 100 R. I. 422, 216 A.2d 694 (1966), *Ewing* v. *Tax Assessors,* 90 R. I. 86, 155 A.2d 61 (1959).

Under the facts presented and because the case requires an interpretation of a recent statutory amendment we hold that special circumstances are present which affect matters of public policy and interest. As a matter of public policy and interest, we therefore shall consider the appeal at this time.

The sole issue before us on plaintiff's appeal in each case is whether P. L. 1972, ch. 188, hereinafter referred to as the amendment, is to be applied prospectively or retroactively. Since our decision on this point is disposi-

tive of each case, our decision will therefore apply equally to each case.

In denying plaintiff's motion for substitution of parties the trial justice stated that in relation to P. L. 1972, ch. 188, the amendment became operative on May 3, 1972, the effective date of this act. In other words, the trial justice without specifically so stating clearly indicated that the act was to be construed as to operate prospectively only. The plaintiff in his appeal presses the argument that the trial justice erred in ruling that the amendment should operate prospectively only, and contends that the statute should be given retroactive application.

The plaintiff readily concedes that it is the rule to construe statutes and their amendments as prospective rather than retroactive in application. *Foster* v. *Quigley*, 94 R. I. 217, 179 A.2d 494 (1962); *Russell* v. *Nat'l Life Ins. Co.*, 77 R. I. 127, 74 A.2d 240 (1950); *Morrison* v. *Lamarre*, 75 R. I. 176, 65 A.2d 217 (1949). In asserting exceptions to the rule plaintiff argues that statutes deemed procedural in nature may be applied retroactively to causes and their actions arising prior to passage.

A "substantive law" may be defined as one which creates, defines and regulates rights and such a law ordinarily will have a prospective effect only, and will not affect a pending action, while a procedural law neither enlarges nor impairs substantive rights but prescribes the methods and procedures for enforcing such rights. *Romano* v. *B. B. Greenberg Co.*, 108 R. I. 132, 273 A.2d 315 (1971).

The plaintiff asserts that the amendment merely simplifies the procedure by which an injured plaintiff may seek relief when an insured defendant is unavailable, does not affect substantive rights, is therefore procedural in scope and not limited to prospective application. We do not agree. It is clear that before the amendment plaintiff did not have the right to sue the insurer of the deceased de-

734

fendant directly, but had only the right to substitute the personal representative of the deceased defendant. Accordingly it is evident that the statute is not merely one of a remedial character as to procedure, but one affecting the liability of the insurer and the rights of the insured, as well as the rights of one injured by the conduct of the insured, and therefore should be considered to be substantive in nature and limited to prospective application.

The plaintiff next contends that courts will apply a new statute or an amendment to a statute retroactively when its language indicates that the Legislature intended the statute to so operate and is not limited to prospective application. *State* v. *Hillman*, 84 R. I. 396, 125 A.2d 94 (1956).

It is well settled in this state that a statute is presumed to have been intended to operate prospectively and will not be construed to operate retroactively unless such an intent appears in the express language of the statute or by necessary implication therefrom. *Town of Warren* v. *Frost*, 111 R. I. 217, 301 A.2d 572 (1973); *Langdeau* v. *Narragansett Ins. Co.*, 96 R. I. 276, 191 A.2d 28 (1963); *Foster* v. *Quigley, supra.*

In the absence of a legislative intent that a statute operate retroactively, manifested by express language or by necessary implication, the statute must be assumed to operate only prospectively. *Langdeau* v. *Narragansett Ins. Co., supra; Capobianco* v. *United Wire & Supply Corp.*, 78 R. I. 309, 82 A.2d 170 (1951).

The plaintiff, urging that the statute should be applied retroactively, argues that the language of the statute indicates such a legislative intent and directs our attention to the words of the statute "a suit * * * pending against an insured" and contends that by the use of such language the Legislature clearly evidenced its intention that the statute should be applied retroactively. We do not agree. We

read the phrase "a suit * * * pending against an insured" to mean a suit brought after the effective date of the amendment wherein defendant dies before the case is terminated.

The plaintiff has consequently not demonstrated that the Legislature intended the amendment to apply retrospectively by express language or by necessary implication as required by *Langdeau* v. *Narragansett Ins. Co.*, *supra.*

The trial justice therefore correctly ruled that the amendment should be applied only to cases arising after the effective date of the amendment.

The plaintiff's appeal in each case is denied and dismissed, and each case is remitted to the Superior Court for further proceedings.

Petition of James O'Malley to reargue the case of *O'Malley* v. *Jackson* is denied.

Mr. Chief Justice Roberts and Mr. Justice Paolino did not participate.

*Nugent & Nugent, J. Joseph Nugent, J. Joseph Nugent, Jr.,* for plaintiffs.

*John G. Carroll, Edward E. Dillon, Jr.,* for defendant Nicola Paolino; *Roberts & Willey Incorporated, David W. Carroll,* for the Travelers Insurance Company.