Martin ZAWATSKY

v.

Earle F. COHEN.

No. 80–465–Appeal.

Supreme Court of Rhode Island.

Aug. 5, 1983.

Richard J. Israel, Levy, Goodman, Semonoff & Gorin, Providence, for plaintiff.

Z. Hershel Smith, Smith & Smith Inc., Providence, for defendant.

## OPINION

BEVILACQUA, Chief Justice.

This is a civil action brought by the plaintiff to recover a $25,000 deposit on a contract to purchase certain real estate. The defendant filed a counterclaim for damages, alleging that the plaintiff had breached the contract. The case was heard before a justice of the Superior Court sitting with a jury. Judgment was entered on behalf of the plaintiff. The defendant appeals.

A review of the record reveals the following testimony. The plaintiff testified that after preliminary negotiations he and defendant entered into an agreement to purchase the Viking Hotel, Motel, and Convention Center (the Viking) in Newport, Rhode Island. The defendant made an offer in his name to purchase the property for $690,000. As part of the agreement, each party furnished $25,000 for a down payment and planned later to finance another $125,000 collectively. The owners of the Viking accepted the offer. The Industrial National Bank, the record owner, permitted the two men to begin making repairs ten days before the closing date so that the Viking could be opened for the Memorial Day weekend.

According to the testimony, plaintiff was to be in charge of construction and defendant was to be in charge of personnel and the front office. After approximately four days of work at the Viking, disagreement arose between the parties. Specifically, plaintiff objected to defendant's giving out work without consulting him, his invading his areas of expertise, and his using people that he found objectionable. The plaintiff told defendant that he wanted to be released from the agreement, at which time defendant stated that doing so would cause him financial problems at such a late date in terms of the proximity of the closing. The plaintiff indicated that he would still supply the money for which he was committed as long as he received a security note from defendant. The plaintiff testified that defendant agreed to let him rescind the agreement, although defendant averred the opposite. On the day of the closing, plaintiff was at the Rhode Island Hospital Trust Bank attempting to furnish his commitment of $125,000 to defendant. However, defendant never showed up and instead was at the Industrial National Bank closing the purchase and sale agreement on the Viking in his and his wife's name. The plaintiff further testified that defendant told him that he would return the $25,000 but that defendant later refused to pay back the money.

The defendant testified and denied agreeing to allow plaintiff to rescind the agreement or to give him back his $25,000. Offering testimony to show that the necessary repairs and rennovations were too extensive and complex for plaintiff, defendant attempted to establish that this was the reason for plaintiff's breach of the agreement. The defendant told plaintiff that he needed his expertise and money and that he could not go it alone. The defendant arranged other financing and had to incur interest expenses that were not included in the original agreement concerning the $125,000.

After a jury verdict for plaintiff, defendant filed a motion for a new trial, which motion was denied.

On appeal defendant challenges the rulings of the trial justice in regard to the following issues:

1. Whether the trial justice wrongfully denied the motion for a new trial.

2. Whether the trial justice erred in allowing plaintiff to testify about his estimate of the eventual worth of the hotel.

3. Whether the clerk was correct in adding 8-percent interest from the date of accrual of the cause of action.

## I

The defendant contends that the trial justice was wrong in denying the motion for a new trial. He argues that the evidence was insufficient to prove that there

was a mutual rescission of the contract or that defendant breached the agreement, thereby justifying a unilateral rescission on the part of plaintiff.

■ In considering a motion for a new trial, the trial justice acts as a thirteenth juror and exercises his independent judgment and reviews the evidence in light of his charge to the jury, passing on the weight of the evidence and the credibility of the witnesses. If he concludes that the evidence is so evenly balanced that reasonable minds could differ, he must approve the verdict even though he may have doubts about its correctness. *Mouchon v. Erickson's, Inc.,* R.I., 448 A.2d 776, 778 (1982); *Barbato v. Epstein,* 97 R.I. 191, 193, 196 A.2d 836 (1964). In ruling on such a motion, the trial justice does not need to make an exhaustive analysis of the evidence but should refer to all material evidence or facts upon which he relies in order to support the reasoning for his ruling. *Morinville v. Morinville,* 116 R.I. 507, 511–12, 359 A.2d 48, 51 (1976). If the trial justice has followed the rule and applied the proper standard, his decision will not be reversed if, in performing his duty, he has not overlooked or misconceived material evidence or is clearly wrong. *Fox v. Allstate Insurance Co.,* R.I., 425 A.2d 903, 907 (1981).

■ In the instant case, there was no dispute concerning the applicable law. There were no objections to the instructions to the jury; and in the absence of any objections, the instructions became the law and were binding upon the jury and the trial justice when he passed on the motion for a new trial. *Royal Glenn Powless v. Pawtucket Screw Co.,* 116 R.I. 158, 160, 352 A.2d 643, 645 (1976). The record reveals that the trial justice, in considering the motion for a new trial, complied assiduously with the standards and rules to be followed. He made a complete and exhaustive analysis of the evidence. Stating that the determination of whether the parties agreed to a rescission hinged on whether the jury believed plaintiff or defendant, the trial justice weighed the evidence in light of his jury instructions and the witnesses' credibility. He stated that "[t]he court believes the plaintiff's testimony that the parties agreed to dissolve the agreement and that the defendant would refund the $25,000 and that the parties shook hands." Furthermore, defendant fails to point out whether the trial justice misconceived or overlooked material evidence or was clearly wrong. We therefore are of the opinion that the trial justice correctly denied the motion for a new trial.

## II

In addressing the second issue, defendant argues that the trial justice erred in allowing plaintiff to testify about the eventual worth of the hotel because he was not qualified as a real estate expert. The defendant claims further that such testimony prejudiced the jury against defendant because it implied that he got a "good deal."

The plaintiff was asked on direct examination:

"Q. Now, the time that you were formulating the budget for this project and considering your offer to buy, had you formed an estimate of the value of this Viking Hotel, Motel and Convention Center, if it were refurbished and renovated in accordance with your plans?"

After defendant's objection had been overruled, plaintiff responded that he had projected the Viking's worth in excess of $3 million.

■ When subjects of scientific or technical nature are before a jury, a witness who possesses special knowledge in the subject matter before the jury can, by giving his opinion, assist the jury in resolution of the matter. *Morgan v. Washington Trust Co.,* 105 R.I. 13, 17, 249 A.2d 48, 51 (1969). However, "where circumstances can be fully and adequately described to a jury and are such that their bearing on the issue can be estimated by all men without specialized knowledge or training, opinion evidence is not admissible." *Corning Glass Works v. Seaboard Surety Co.,* 112 R.I. 241, 247, 308

A.2d 813, 817 (1973); *Glennon v. Great Atlantic & Pacific Tea Co.,* 87 R.I. 454, 457, 143 A.2d 282, 284 (1958); *Fontaine v. Follett,* 51 R.I. 413, 416–17, 155 A. 363, 364 (1931).

In the instant case, the record discloses that defendant attempted to establish that plaintiff unilaterally rescinded the contract because he was overwhelmed by the magnitude of the venture. The plaintiff, in rebuttal, testified that he was familiar with the size of the project and that he had never stated that the work was too much for him. It is clear that plaintiff sought to establish that at the time of the agreement he believed that the Viking venture would be a highly profitable undertaking and that he sought a rescission because disagreements existed between the parties, not because he was overwhelmed by the job.

■ This court believes that the opinion testimony of plaintiff was properly admitted because it was rationally based on the perception of the witness at the time he entered into the agreement and it was helpful to a clear understanding of his testimony. *See* Fed.R.Evid. 701.

■ Finally, defendant's claim of prejudice is without merit. The verdict was firmly supported by other evidence. We therefore find no error on the part of the trial justice in allowing plaintiff's testimony about the estimate of the value of the project.

### III

The defendant contends that the clerk was in error in adding 8-percent interest from the date of accrual of the cause of action.

■ General Laws 1956 (1969 Reenactment) § 9–21–10, as amended by P.L.1981, ch. 54, § 1, provides for interest in all civil cases in which a verdict or a decision is rendered for pecuniary damages at the rate of 12-percent per annum from the date the cause of action accrued. We have recently stated that this statute is neither ambiguous nor equivocal and should be given retroactive as well as prospective effect as to all cases pending upon the effective date of P.L.1981, ch. 54, § 1 (May 8, 1981). *Rhode Island Turnpike & Bridge Authority v. Bethlehem Steel Corp.,* R.I., 446 A.2d 752, 756–57 (1982). Moreover, in *Foster v. Quigley,* 94 R.I. 217, 219, 179 A.2d 494, 495 (1962), this court construed an amendment to § 9–21–10 and found that the interest on a judgment is determined in accordance with the statute in effect at the time of its rendition rather than at the time the action accrued. As a consequence, on remand the clerk will be directed to modify the rate of interest in accordance with the statutory mandate.

For the reasons stated, the defendant's appeal is dismissed. The judgment of the Superior Court is affirmed, except in regard to the computation of interest. By virtue of the amendment of the statute since the trial of the case, the clerk is directed, upon remand, to recompute the interest in accordance with the provisions of § 9–21–10, as amended by P.L.1981, ch. 54, § 1, and a new judgment shall be entered in accordance with that recomputation. The papers in the case are remanded to the Superior Court for further proceedings in accordance with this opinion.