STATE of Rhode Island

v.

MATERIAL SAND & STONE
CORPORATION and
Joseph LaPorte.

No. 94–169–M.P.

Supreme Court of Rhode Island.

June 30, 1994.

Virginia McGinn, Atty. Gen.

Bernard P. Healy, Providence.

ORDER

This matter came before the Supreme Court on June 21, 1994, pursuant to an order directing the parties to appear in order to show cause why the issues raised in the petition for certiorari should not be summarily decided. We granted the petition to review the decision of an appeals panel of the Administrative Adjudication Court (AAC) denying the defendant's appeal.

An AAC judge imposed a statutorily determined fine on defendants for their exceeding the authorized weight for their motor vehicle in 1990. In the defendants' appeal to the appeals panel and their memorandum in support of their petition for certiorari they asserted, among other things, that the AAC judge should have determined the monetary penalty for their 1990 violation on the basis of the 1991 amendment to the statute, which amendment reduced the penalties.

The defendants concede that the statute was amended subsequent to the date of the violation. They also acknowledge that statutes and statutory amendments are generally applied prospectively. They assert, however, that the amendment at issue was remedial and procedural and that the amendment should therefore be applied "retrospectively absent a legislative intent to the contrary." Assuming without deciding that the amendment was remedial and procedural, this court has stated that a remedial or procedural statute "*may* be construed to apply retroactively." (Emphasis added.) *See Lawrence v. Anheuser–Busch, Inc.*, 523 A.2d 864, 869 (R.I.1987).

"It is well settled in this state that a statute is presumed to have been intended to operate prospectively and will not be construed to operate retroactively unless such an intent appears in the express language of the statute or by necessary implication therefrom." *Norton v. Paolino*, 113 R.I. 728, 734, 327 A.2d 275, 279 (1974).

The statute in question by its own terms is meant to take effect on its passage. There is no indication of any intent that it should operate retrospectively. Consequently, whether this statute might be construed to be substantive or procedural, in the absence

of an intent on the part of the Legislature that it be applied retrospectively, we must construe it as operating prospectively only.

Thus after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The defendants' petition for certiorari is denied, and the writ previously issued is quashed. The decision of the AAC is affirmed, and the papers of this case are remanded to the AAC with our decision endorsed thereon.

LEDERBERG, J., did not participate.