January 23, 2020

**Supreme Court**

No. 2019-51-Appeal.
(PC 15-4245)

Benjamin Zanni                    :

v.                    :

Town of Johnston.                    :

NOTICE:  This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at (401) 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Benjamin Zanni                    :

v.                                :

Town of Johnston.                 :

Present: Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.** This case came before the Court on November 7, 2019, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. The plaintiff, Benjamin Zanni (plaintiff), appeals from the entry of summary judgment in the Superior Court in favor of the defendant, the Town of Johnston (the town).[1] After reviewing the parties' memoranda and considering their oral arguments, we are of the opinion that cause has not been shown and that this appeal may be resolved without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

### Facts and Travel

This case concerns an ordinance enacted by the Johnston Town Council (the town council) in 1989, which established various benefits for certain town officials, and the quest by a former member of that town council to collect those benefits. The plaintiff served on the town council from 1981 until 1994.

---

[1] The plaintiff named the "Employment Retirement System of Rhode Island" as an interested party in the case, but the town is the sole defendant in the case.

- 1 -

On April 10, 1989, the town passed and adopted Ordinance 767, entitled "Retirement Credit Benefits." In pertinent part, Ordinance 767 provided that "[e]very elected or appointed full time paid official who has accumulated at least ten (10) years consecutive combined service shall receive the following benefits upon retirement at age 60[.]" The ordinance also provided that an official covered by the ordinance would receive whatever medical and dental insurance plans that were provided to regular town employees, and that the ordinance "shall take effect upon passage." It was short-lived.

In 1993, Ordinance 767 was repealed by Ordinance 913, which was also entitled "Retirement Credit Benefits." Ordinance 913 provided:

> "Ordinance numbered 767 is repealed in its entirety. Only those elected or full time appointed officials who have already vested their benefits under Ordinance 767 will be allowed to receive them.
>
> "This ordinance shall take [e]ffect upon passage."

In 1994, plaintiff entered a plea of guilty in federal court to one felony count of "Extortion Under Color of Official Right" for acts of bribery while in office, from 1991 to 1994. He was sentenced to thirty-three months in prison and fined $20,000.

Beginning in the early 2000s, plaintiff made several demands on the town for the health benefits set forth in Ordinance 767, based on his belief that, as of 1991, his entitlement to those benefits had vested. The town consistently denied those requests on the grounds that, as a town council member, he was not a full-time official or employee and, additionally, because of his misconduct in office.

On September 30, 2015, plaintiff filed suit, alleging claims of governmental promissory estoppel and deprivation of property rights, and seeking compensatory damages, costs of suit, and attorneys' fees. The plaintiff also sought a declaratory judgment. On November 10, 2015,

- 2 -

the town filed a petition for removal to federal court; plaintiff filed an amended complaint in the United States District Court for the District of Rhode Island on November 16, 2015. The action was remanded to the Superior Court from the District Court on November 24, 2015.

On May 29, 2018, the town moved for summary judgment in the Superior Court on the ground that, as a matter of statutory interpretation, Ordinance 767 operated prospectively rather than retroactively, and, therefore, plaintiff was not eligible for the benefits he claimed he was entitled to. The town also argued that a plain reading of Ordinance 767 revealed that an individual must be a full-time paid official—either appointed or elected—to be eligible under the ordinance, and plaintiff was not a full-time official.

The plaintiff opposed the town's motion and also moved for declaratory judgment.[2] He argued that Ordinance 767 was vague and ambiguous, and thus required the court to determine the legislative intent behind the enactment. He argued that the members of the town council and other elected officials were the intended beneficiaries of Ordinance 767, whether or not they were full-time employees of the town, and that any interpretation that does not include them as beneficiaries would constitute an absurd result. The plaintiff also argued that Ordinance 767 is remedial in nature, as opposed to creating a substantive legal right, and, therefore, must be applied retroactively and not prospectively.[3] Finally, plaintiff argued that, under the state Public

---

[2] The parties ultimately agreed that the issue of the declaratory judgment was no longer applicable in the case. Therefore, that issue is not before us.

[3] We note that plaintiff submitted an affidavit to the lower court on September 4, 2018, opining on the legislative intent behind Ordinance 767. He asserted, under oath, that he presided over the promulgation of Ordinance 767, that Ordinance 767 was intended to benefit town council officials, and that it was the intent of the town council that Ordinance 767 would be applied retroactively. In our *de novo* review, we decline to accord any weight to this self-serving affidavit.

Employee Pension Revocation and Reduction Act, chapter 10.1 of title 36 of the general laws, the town lacked standing to revoke or reduce his benefits based on his dishonorable service. The plaintiff also moved for declaratory judgment and demanded judgment against the town with respect to the rights and obligations of the parties arising out of Ordinance 767.

On September 19, 2018, the trial justice granted the town's motion for summary judgment. In doing so, the trial justice decided that Ordinance 767 created a substantive rather than remedial right, and that Ordinance 767 therefore applied prospectively and not retroactively. As such, because plaintiff did not accrue the ten years of consecutive service component necessary to be eligible for benefits under Ordinance 767, there was no genuine issue of material fact and plaintiff was not entitled to benefits under the ordinance. The plaintiff appealed.

**Standard of Review**

"'This Court reviews a grant of summary judgment *de novo*.'" *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013) (brackets omitted) (quoting *Sacco v. Cranston School Department*, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, 'we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment.'" *Id.* at 406-07 (brackets omitted) (quoting *Sacco*, 53 A.3d at 150). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'proves the existence of a disputed issue of material fact.'" *Id.* at 407 (brackets omitted) (quoting *Sacco*, 53 A.3d at 150; citing *Mutual Development Corporation v. Ward Fisher & Company, LLP*, 47 A.3d 319, 323 (R.I. 2012)).

Furthermore, "we review issues of statutory interpretation *de novo*." *Reynolds v. Town of Jamestown*, 45 A.3d 537, 541 (R.I. 2012). "[W]hen the language of a statute is clear and unambiguous, this Court must interpret the statute literally and must give the words of the statute their plain and ordinary meanings." *Alessi v. Bowen Court Condominium*, 44 A.3d 736, 740 (R.I. 2012) (quoting *Waterman v. Caprio*, 983 A.2d 841, 844 (R.I. 2009)). Finally, we note that "this Court can affirm the Superior Court's judgment on grounds other than those relied upon by the trial justice." *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010).

**Analysis**

On appeal, plaintiff advances several arguments in support of his contention that the town's motion for summary judgment was improperly granted. The plaintiff argues that, as a matter of statutory interpretation, the trial justice should have considered Ordinance 913 to determine the legislative intent of the town in enacting Ordinance 767 and should have then concluded that the ordinance was intended to be applied retroactively. The plaintiff also argues that the trial justice erred in finding that Ordinance 767 applied prospectively rather than retroactively, because, according to plaintiff, the ordinance is remedial in nature as opposed to creating a substantive legal right.

The town contends that the trial justice properly refused to consider Ordinance 913 because, the town argues, there is no relevant caselaw suggesting that a repealing ordinance is controlling or even relevant to a determination of the legislative intent behind the repealed ordinance. Rather, the town argues, when legislation does not specifically state whether it applies retroactively or prospectively, the test is simply whether the ordinance is remedial in nature or creates a substantive legal right. The town contends that legislation that is remedial in nature is to be applied retroactively; and, where legislation creates a substantive legal right, as

Ordinance 767 does, the legislative intent was to apply the ordinance on a prospective basis. The town argues that the trial justice correctly found that Ordinance 767 applied prospectively because it created a substantive legal right—namely, a vested right to medical benefits—rather than being a remedial measure.

The town alternatively argues that, however Ordinance 767 is to be applied, plaintiff was not covered by the ordinance because he was never a "full time paid official" with the town, as required under the ordinance. Finally, the town argues that it had the right to exercise discretion in denying plaintiff benefits based on his dishonorable service to the town in relation to his 1994 felony conviction for extortion under federal law.

### The Clear and Unambiguous Language of Ordinance 767

We begin our analysis by examining the language of Ordinance 767. Although the trial justice decided the motion for summary judgment on different grounds, we are of the opinion that, based on the clear and unambiguous language of Ordinance 767, there is no genuine issue of material fact as to whether plaintiff is entitled to benefits under the ordinance, and therefore summary judgment was properly granted. Ordinance 767 clearly and unambiguously states that only "*full time* paid official[s]" may receive benefits under the ordinance. (Emphasis added.) A "full-time" employee is "[o]ne who is hired to work at least the normal number of hours in a workweek as defined by an employer or a statute, usu[ally] 35 to 40 hours." Black's Law Dictionary 662 (11th ed. 2019).[4]

---

[4] An example of the number of hours in the workweek of a full-time employee is forty hours. *See* G.L. 1956 § 28-12-4.1(a) (providing Rhode Island's overtime-pay laws, which state, in part: "Except as otherwise provided in this chapter, no employer shall employ any employee for a workweek longer than forty (40) hours unless the employee is compensated at a rate of one and one-half (1 1/2) times the regular rate at which he or she is employed for all hours worked in excess of forty (40) hours per week").

Clearly, plaintiff's employment as a member of the town council cannot be categorized as "full-time" employment. The Charter of the Town of Johnston and its provisions related to the duties of the town council make no provision for a standard number of hours of working time. Rather, the Charter merely provides, in part, as follows, in Article III:

> "Sec. 3-7 Meetings.
>
> "The first meeting of each newly elected town council shall be held following the swearing into office of its members pursuant to section 2-4 of this Charter. *Thereafter the town council shall meet regularly at such time and at such place as may be prescribed by its rules but not less frequently than once each month*." (Emphasis added.)

Therefore, rather than providing a normal number of hours in a workweek for members of the town council, the Charter merely provides a *minimum number of meetings* to be held each month.

Furthermore, the town submitted an affidavit of Vincent Baccari, who served as the Town Clerk for the town. Mr. Baccari averred that he was "aware of the duties, responsibilities, composition, and characterization of employment of the Johnston Town Council since 1981" and that, since 1981, members of the town council have been considered part-time elected officials and employees. He also declared that, since 1981, members of the town council have been compensated as part-time employees and worked, on average, less than thirty hours per week.[5] Finally, he stated that: "Benjamin Zanni's employment with the Town of Johnston as a Town Councilman from 1981–1994 was considered part-time employment."

Ordinance 767 clearly and unambiguously states that only "full time paid official[s]" may

---

[5] Section 3-5 of the Charter provides that: "The annual salary of members of the town council shall be five hundred dollars except that of the president of the town council who shall receive annually seven hundred and fifty dollars."

receive benefits under the ordinance. The record in this case unequivocally establishes that plaintiff was not a "full time" official in his capacity as a member of the town council and that he, therefore, was not eligible to receive benefits under Ordinance 767.[6] Pursuant to the town Charter, he received only $500 per year as compensation as a councilmember. Because the clear and unambiguous language of Ordinance 767 indicates that plaintiff was not eligible to receive benefits under the ordinance, we affirm the grant of summary judgment, but we do so on grounds other than those relied upon by the trial justice.

**Prospective Application of Ordinance 767**

Nonetheless, we deem it appropriate to address plaintiff's argument that Ordinance 767 was intended to be applied retroactively from the time it was enacted, rather than prospectively. Although he relies on this Court's decision in *Prew v. Employee Retirement System of City of Providence*, 139 A.3d 556 (R.I. 2016), to advance his argument that Ordinance 767 is remedial in nature and, therefore, is to be applied retroactively, plaintiff's reliance on *Prew* is misplaced.

"When interpreting an ordinance, we employ the same rules of construction that we apply when interpreting statutes." *Ruggiero v. City of Providence*, 893 A.2d 235, 237 (R.I. 2006). "In general, statutes and their amendments are presumed to operate prospectively unless it appears by clear, strong language or by necessary implication that the Legislature intended to give the statute retroactive effect." *VanMarter v. Royal Indemnity Co.*, 556 A.2d 41, 44 (R.I. 1989). When a statute or ordinance "lacks the requisite specificity or necessary implication" regarding retroactive application, the distinction between a statute that is remedial in nature and one that creates a substantive legal right guides the analysis. *Lawrence v. Anheuser-Busch, Inc.*, 523 A.2d

---

[6] We also note that Ordinance 767 mandates that beneficiaries receive their benefits only "upon retirement at age 60[.]" The plaintiff did not retire from service and did not reach the age of sixty until 2010, roughly seventeen years after Ordinance 767 was repealed.

864, 869 (R.I. 1987).  A statute is remedial or procedural in nature if it "neither enlarges nor impairs substantive rights but prescribes the methods and procedures for enforcing such rights"; in that event, "it may be construed to apply retroactively." *Id.* (quoting *Norton v. Paolino*, 113 R.I. 728, 733, 327 A.2d 275, 278 (1974)).  "If, however, it creates, defines, or regulates substantive legal rights, it must be construed to operate prospectively." *Id.*

In the case before us, Ordinance 767 simply declared that it shall take effect upon passage and does not include any express language or necessary implication that the town intended for it to apply retroactively.  We therefore look to whether the enactment was remedial in nature, or if it created substantive legal rights.  Clearly, Ordinance 767 sought to create a legal entitlement to retirement benefits for appointed or elected town officials that did not previously exist, and, therefore, the enactment cannot be deemed a remedial ordinance.

When Ordinance 767 took effect in 1989, plaintiff was serving as a member of the town council.  On December 27, 1993, the ordinance was repealed, apparently before anyone in town employ became entitled to the benefits.  Therefore, from the time Ordinance 767 was enacted until it was repealed by Ordinance 913, plaintiff had accrued, at most, four years of consecutive service as a member of the town council, six years short of the ten years required to vest.  Thus, even setting aside the analysis of the plain language of Ordinance 767 mandating full-time service, plaintiff is not eligible for the benefits he seeks under Ordinance 767.

We are of the opinion that Ordinance 767 sought to create a right to health benefits that did not previously exist, and it did not provide any type of remedy as plaintiff suggests.  The trial justice reached the same conclusion in her decision, and we affirm her decision on those grounds.

**Conclusion**

For the reasons set forth in this opinion, we affirm the Superior Court's grant of summary judgment in favor of the town; but we do so primarily on grounds other than those relied upon by the trial justice. The record in this case may be remanded to the Superior Court.

Justice Flaherty did not participate.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Benjamin Zanni v. Town of Johnston. |
| **Case Number** | No. 2019-51-Appeal.<br>(PC 15-4245) |
| **Date Opinion Filed** | January 23, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Mark A. Fay, Esq.<br>For Defendant:<br><br>Ryan D. Stys, Esq. |